IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VoIP-Pal.com, Inc., <br><br>   Plaintiff, <br><br>v. <br><br>T-Mobile USA, Inc., <br><br>   Defendant. | Case No. 6:21-CV-00674-ADA <br><br>JURY TRIAL DEMANDED |

**T-MOBILE'S OPPOSED JOINDER IN MOTION TO TRANSFER**

All four of the defendants in each of VoIP-Pal.com, Inc.'s ("VoIP-Pal's" or "Plaintiff's") cases against Google, No. 6:21-cv-00667-ADA ("Google case"), Amazon, No. 6:21-cv-00668-ADA ("Amazon case"), Facebook, No. 6:21-cv-665-ADA ("Facebook case"), and Verizon, No. 6:21-cv-00672-ADA ("Verizon case") (collectively, "Related Cases") have moved to transfer their cases to the Northern District of California, ECF Nos. 24, 26, 32, and 35, respectively ("Motions"). Each of those cases involves the same patents at issue here. In the interest of judicial economy and efficiency, Plaintiff's case against T-Mobile USA, Inc. ("T-Mobile") should also be transferred to the Northern District of California.

**I. LEGAL STANDARD**

Under 28 U.S.C. § 1404, courts "may transfer an[] ... action to any other district ... where it might have been brought." In evaluating transfer for convenience, the court considers private and public interest factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.... [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home;

-1-

[7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II") (citation omitted).  "[T]he co-pendency of cases involving the same patent [is a] permissible consideration[] in ruling on a motion to transfer venue." *In re EMC Corp.*, 501 Fed. Appx. 973, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013).

## II.     ARGUMENT

This Court should transfer the T-Mobile case for the same reasons that it should transfer the Related Cases.  Plaintiff VoIP-Pal is asserting the same patents here as in the Related Cases—U.S. Patent Nos. 8,630,234 and 10,880,721.  These cases could have been brought in the Northern District of California because all of the allegations made by VoIP-Pal against T-Mobile (*e.g.*, that T-Mobile places allegedly infringing products into the stream of commerce that end up in this District and that T-Mobile USA, Inc. does business in this jurisdiction, ECF 1, ¶¶ 6-7) regarding the basis for personal jurisdiction and venue in the Western District of Texas would more than equally support personal jurisdiction and venue in the Northern District of California.[1]

Moreover, as explained in the Motions: (1) numerous related cases involving the VoIP-Pal patents asserted here, as well as other VoIP-Pal patents directed to the same technologies, are in the Northern District of California; (2) VoIP-Pal's alleged ties to the Western District of Texas are slim; and (3) known third-party witnesses are in or closer to the Northern District of California.  And, as set forth below, the private interest and public interest factors favor transfer.

---

[1]     *E.g.*, Gilmore Decl., Ex. A (printout from T-Mobile website showing twenty-five T-Mobile stores in San Francisco alone, https://www.t-mobile.com/store-locator?sortBy=type1&page=1&search=San%20Francisco,%20CA,%20USA); *id.*, Ex. B (same, but for Waco, Texas; showing three stores, https://www.t-mobile.com/store-locator?sortBy=type1&page=1&search=Waco,%20TX,%20USA).

### A. Private Interest Factors Favor Transfer

#### 1. Practical Problems Favor Transfer

In considering practical problems that make trial of a case easy, expeditious, and inexpensive, this Court considers the issue of judicial economy. *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 19-00526, 2020 WL 2528545, at *6 (W.D. Tex., May 18, 2020); *In re Google Inc.*, No. 2017-107, 2017 U.S. App. LEXIS 4848, at *8 (Fed. Cir. Feb. 23, 2017); *In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'"). Judicial economy strongly favors transfer to the Northern District of California. The Northern District of California has handled fifteen actions involving ten patents from VoIP-Pal's portfolio. For example, the Northern District of California is currently presiding over a declaratory judgment action brought by Twitter against VoIP-Pal involving the same patents-in-suit. *See Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 5-21-cv-09773 (N.D. Cal.). Convenience dictates transfer of the Google, Facebook, and Amazon cases to the Northern District of California. But that would leave only the T-Mobile case in this District, which would be inefficient. By contrast, if those other cases are transferred, it would be more efficient for a single court, the Northern District of California, to preside over all issues. Accordingly, judicial economy strongly favors transfer to Northern District of California.

#### 2. Relative Ease of Access to Sources of Proof Favors Transfer

The documentary evidence in this case will be mostly electronic documents, as with most patent infringement cases. Because VoIP-Pal's presence in this District "is plainly recent, ephemeral, and artificial," there is no indication that VoIP-Pal actually has any relevant sources of proof in this District. *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021). This factor favors transfer.

### 3. Cost of Attendance for Willing Witnesses Favors Transfer

As set forth in Section IV.B.3 of the Facebook motion (Facebook case, Dkt. 32 at 12-13), Section IV.B.1 of the Google motion (Google case, Dkt. 24 at 7-10), and Section III.B.1 of the Amazon motion (Amazon case, Dkt. 26 at 4-7), VoIP-Pal cannot show that it has any relevant witnesses in this District. While VoIP-Pal claims that its CFO works from its Waco office (*e.g.*, Verizon case, Dkt. 36 at 3), its Waco office is virtual, shared with 46 other companies, and VoIP-Pal's CFO primarily works from Bellevue, Washington—far closer than this District to the Northern District of California. Google case, Dkt. 24 at 5. This factor favors transfer.

### 4. Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer

Section IV.B.2 of the Facebook motion (Facebook case, Dkt. 32 at 11-12) and Sections II.D, IV.B.3 of the Google motion (Google case, Dkt. 24 at 6; 11-12), and Section III.B.3 of the Amazon motion (Amazon case, Dkt. 26 at 8-10) identify multiple third-party prior art witnesses who are subject to compulsory process in Northern California. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *MasterObjects, Inc. v. Facebook, Inc.*, No. 6-20-cv-0008-ADA, Dkt. No. 86, at 7 (W.D. Tex. July 13, 2021) (Albright, J.) (citations omitted). This factor favors transfer.

## B. Public Interest Factors Also Favor Transfer

T-Mobile incorporates by reference the arguments set forth in Section IV.C of Google's, Section IV.C of Facebook's, and Section III.C of Amazon's motions to transfer. *See* Google case, Dkt. 24 at 13-14; Facebook case, Dkt. 32 at 14-15; Amazon case, Dkt. 26 at 11-14.

## III.     CONCLUSION

The interests of judicial economy will not be served by having two separate courts simultaneously decide the many overlapping issues between the related cases, including issues that are likely to be dispositive, such as Section 101 and other invalidity arguments.

T-Mobile therefore respectfully requests that this Court transfer the cases to the Northern District of California if it grants any or all of the motions to transfer brought by other defendants.

Dated:  March 25, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*

Amanda Tessar
ATessar@perkinscoie.com
**PERKINS COIE LLP**
1900 Sixteenth St.
Suite 1400
Denver, CO 80202
Phone: 303.291.2357
Fax: 303.291.2457

Martin Gilmore (admission pending)
MGilmore@perkinscoie.com
**PERKINS COIE LLP**
500 W 2nd St
Suite 1900
Austin, TX 78701
Phone: 737.256.6100
Fax: 737.256.6300

Melissa Richards Smith
melissa@gillamsmithlaw.com
**GILLAM AND SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

**ATTORNEYS FOR DEFENDANT
T-MOBILE USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 25 day of March, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

/s/ Melissa R. Smith

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendant and counsel for Plaintiff met and conferred concerning the substance of this motion and the relief requested on March 25, 2022. Following discussions, Plaintiff remains opposed to this motion and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

/s/ Melissa R. Smith