IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **VOIP-PAL.COM, INC.,**<br>*Plaintiff,*<br><br>v.<br><br>**T-Mobile USA, Inc.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:21-CV-000674-ADA |

## DISCOVERY DISPUTE ORDER

The parties submitted the following discovery dispute to the Court by email.

### T-Mobile's Position

VoIP-Pal's PICs fail to "set[] forth where in the accused product(s) each element of the asserted claim(s) are found." OGP, 1.

VoIP-Pal begins by defining the accused product as the "T-Mobile Calling System." This is a term that VoIP-Pal coined, not one used by T-Mobile. VoIP-Pal says that the "T-Mobile Calling System" is a "messaging and communication platform" that "enables mobile telephone roaming," "includes T-Mobile Voice over WiFi," and "allows smartphone and desktop users to send text messages and voice messages, make voice and video calls, and share images, documents, user locations, and other content." PICs, Exs.1,2 at 1.

But it is unclear what specific hardware and/or software comprises the accused "T-Mobile Calling System." VoIP-Pal's charts broadly map claim language to the generic "T-Mobile Calling System," without attempting to identify specific hardware and/or software that allegedly performs the claimed functionality. VoIP-Pal does not cite any documents or evidence describing how T-Mobile's (or generic) networks operate. Likewise, the color-coding often found in claim charts (mapping elements to infringement proof), which might show the correspondence between claim

elements and where they are found in accused products, is wholly absent. For each asserted element, VoIP-Pal merely provides long, boilerplate passages (identical to those used for other defendants that have totally different systems) that do not clarify how T-Mobile allegedly infringes.

For instance, claim 1 of the '234 patent covers "a method of roaming with a mobile telephone." VoIP-Pal nevertheless—for this *phone* claim—presents a direct infringement theory against the "T-Mobile Calling System," without attempting to reconcile this clash and without any allegations as to whether or how T-Mobile controls end users of phones. Then, adding insult to injury, VoIP-Pal relies on generic allegations for each element, imprecisely announcing, e.g., that "the T-Mobile hardware, firmware, configuration data, and/or VoWiFi software application" are what infringe. *E.g.,* '234 PICs, 1[a], 1[b-1] to [b-5], 1[c-1] to [c-4], 1[d], etc. To the limited extent that VoIP-Pal identifies any hardware, such as "calling servers," "T-Mobile infrastructure servers," or even "DNS servers" (e.g., element 1[b-1]), these do not clearly, in any particularized way, tell T-Mobile what hardware is accused or what aspect of general "infrastructure" equipment allegedly satisfies each claim element. VoIP-Pal does not explain *how* or *which part* of these imprecisely-identified servers allegedly infringe, which is the heart of what PICs should do.

In short, VoIP-Pal's PIC's are insufficient to put T-Mobile on notice of VoIP-Pal's infringement theories. They elevate boilerplate quantity over particularized quality. T-Mobile cannot understand what is accused or why.

When Google presented similar concerns, this Court ordered supplementation to fix uncertainty surrounding identity of accused products, similar to what T-Mobile seeks for the "T-Mobile Calling System." 6:21-cv-667 (Dkt. 68). It did not order that the PICs as a whole be fixed because Google's requested relief was too vague. *Id.* T-Mobile therefore seeks more

particularized relief.  T-Mobile needs understandable PICs so it can prepare its case.  VoIP-Pal should be required to identify the specific components performing each limitation.

Relief Sought: T-Mobile respectfully requests that the Court order VoIP-Pal to serve amended, OGP-compliant PICs that: (a) define the "T-Mobile Calling System" in a way that unambiguously identifies what accused hardware and software comprises that system; and (b) for every element of every asserted claim, clearly identifies what specific T-Mobile "hardware, firmware, configuration data, and/or VoWiFi software application" performs the element and how, rather than just listing all of those categories or pointing to the entirety of the "T-Mobile Calling System" generally.

## VoIP-Pal's Position

The Court should reject T-Mobile's request for VoIP-Pal to amend its PICs because T-Mobile unduly delayed in raising the alleged deficiencies to the Court.  T-Mobile first raised this issue in a December 22, 2021 letter that was virtually identical to a letter that VoIP-Pal received from Google regarding this issue.  Indeed, VoIP-Pal met and conferred with Google and T-Mobile together on January 31, 2022.  While Google decided to seek relief from the Court, T-Mobile chose not to.  The Court should deny T-Mobile's attempt to re-address for T-Mobile's benefit the reasons the Court denied Google's requested relief when T-Mobile could have sought the same relief at the same time as Google.

Notwithstanding, VoIP-Pal's PICs satisfy the requirements of the OGP.  VoIP-Pal's PICs identify specific hardware in the "T-Mobile Calling System," including mobile telephones that use T-Mobile VoWiFi Calling [e.g., an Apple iPhone and a Samsung Galaxy Phone ] as well as T-Mobile DNS servers and T-Mobile Calling servers that mobile telephones use in making T-Mobile VoWiFi calls. Ex. 1 at 4-6, 129-140.

T-Mobile alleges that the PICs fail to explain whether or how T-Mobile controls phone users. The PICs, however, make clear that T-Mobile controls end users by configuring phones, installing software, and/or supporting phones on the T-Mobile network that perform T-Mobile VoWiFi Calling.

See, e.g., ( in PICs):

- https://www.t-mobile.com/support/coverage/wi-fi-calling-from-t-mobile.
- https://www.t-mobile.com/support/coverage/wi-fi-calling-on-a-corporate-network.
- Exs. 1-2 at Appendix A (showing communications to T-Mobile DNS servers using T-Mobile owned domain names).

T-Mobile's claim that the PICs do not tell T-Mobile what is accused lacks merit.  In element [1p], for example, VoIP-Pal's PICs explain how an end user's mobile telephone interacts with one or more DNS servers that "associate domain names used by the T-Mobile hardware, firmware, configuration data, and/or VoWiFi software application with various information (such as IP network addresses) that provide access to the communication networks, servers, services, and/or other resources associated with the T-Mobile server infrastructure." Ex. 1 at 4-6.  Thus, VoIP-Pal's PICs tell T-Mobile not only what hardware is accused [the T-Mobile DNS servers] but also what aspect of the T-Mobile DNS servers satisfy the claim element, namely associating domain names. The PICs in Appendix A further identify the referenced domain names as well as specific IP network addresses owned by T-Mobile and associated with the T-Mobile Calling servers.  Exs. 1-2 at Appendix A

VoIP-Pal PICs maps each limitation to the T-Mobile Calling System by specifying how or which part of these servers allegedly infringe. For example, in element [1b-1], the PICs explain how the end user's mobile phone interacts with the T-Mobile DNS servers and the T-Mobile

Calling servers to transmit "an access code request message." Ex. 1 at 7. Specifically, the user's mobile phone communicates with the T-Mobile DNS servers to "query the T-Mobile DNS servers for one or more IP network addresses associated with one or more of the T-Mobile Calling servers." Therefore, the PICs identify specific T-Mobile DNS servers that are used in the process and that associate domain names in placing a VoWiFi call with T-Mobile network.

Relief Sought: Order that "Defendant's requested relief that VoIP-Pal amend its Preliminary Infringement Contentions is DENIED."

## RESOLUTION

First, the Court rejects VoIP-Pal's argument for denying relief on the basis that T-Mobile raised its dispute after seeing this Court's Discovery Dispute Order in the related case *VOIP-PAL.COM, INC. v. Google, Inc.*, No. 6:21-cv-00667-ADA, Dkt. 38 (W.D. Tex. Mar. 18, 2022). The Court issues its discovery dispute opinions to inform the parties about how the Court rules on particular issues. The Court does not fault T-Mobile for looking to the Court's previous rulings.

The facts here are distinguished from the *Google* case. In *Google*, the Plaintiff coined a term to describe a variety of accused products, and the Plaintiff did not identify the names of the encompassed products because the accused infringer "keeps renaming and rebranding its products." *Id.* The Plaintiff could have, but did not, use the public names of specific products. Thus, the Court ordered the Plaintiff to make clear the names of the public products/services encompassed by the coined term. *Id.*

This current case is not one where the Plaintiff has access to public information that can be used to more specifically identify the accused products. At this preliminary stage, the Court does not expect Plaintiff to have the confidential discovery or code typically needed to explain the details of internal server operations. Defendant does not identify any lack of diligence by the

Plaintiff in citing publicly available information nor any unreasonable refusal by the Plaintiff to more specifically identify the products when Plaintiff is able to do so.

Thus, the Court **DENIES** Defendant's requested relief at this time. However, the Court expects the parties to continue to work together in good faith, with the Plaintiff providing more specific contentions as it receives discovery, cumulating in final infringement contentions more specific than the preliminary infringement contentions it has served so far.

SIGNED this 5th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE