**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **VOIP-PAL.COM, INC.,** *Plaintiff,* | § § § | |
| **v.** | § | **Civil No. 6:21-cv-00674-ADA** |
| **T-MOBILE USA, INC.,** *Defendant.* | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant T-Mobile USA, Inc.'s ("T-mobile" or "Defendant") Motion to Transfer Venue from the Western District of Texas ("WDTX") to the Northern District of California ("NDCA") under 28 U.S.-C. § 1404(a). Dkt. No. 34. T-Mobile's Motion is "contingent on the grant of at least one other motion to transfer from the other defendants" in related cases. Dkt. No. 43 at 1. After careful consideration of the relevant facts, applicable law, and the parties' briefs (Dkt. Nos. 34, 40, 43), the Court **DENIES** Defendant's Motion to Transfer.

## I. Background

Plaintiff VoIP-Pal.com, Inc. ("VoIP" or "Plaintiff") filed this lawsuit accusing Defendant of patent infringement. Dkt. No. 1. VoIP alleges infringement of U.S. Patent Nos. 8,630,234 ("'234 Patent") and 10,880,721 ("'721 Patent") (collectively, "Asserted Patents"). *Id.* ¶¶ 10-11. Broadly speaking, these patents cover aspects of mobile telephone technology.

VoIP is a Nevada corporation with its principal place of business in Waco, Texas. *Id.* ¶ 1.

T-Mobile is a Delaware corporation with a principal place of business in Bellevue, Washington. *Id.* ¶ 3.

VoIP has several co-pending cases involving the Asserted Patents before this Court against Google LLC, No. 6:21-cv-00667-ADA ("Google case"); Amazon.com, Inc., No. 6:21-cv-00668-

ADA ("Amazon case"); Facebook, Inc., No. 6:21-cv-665-ADA ("Facebook case"); and Verizon Communications, Inc., No. 6:21-cv-00672-ADA ("Verizon case") (collectively, "Related Cases"). Each defendant in the Related Cases has moved to transfer.

## II.     Legal Standard

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action might have been brought in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on the conduct of a defendant after suit has been instituted. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id*. at 314-315. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## III. Analysis

### A. Plaintiff could have brought this case in the Northern District of California

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue. Defendant asserts that this case could have originally been brought in the Northern District of California ("NDCA"). Plaintiff does not contest this point. This Court finds that venue would have been proper in the NDCA. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas ("WDTX").

**1. Overall, the private interest factors weigh against transfer.**

Two private interest factors weigh against transfer. One private interest factor favors transfer. The remaining private interest factor is neutral. Altogether, the private interest factors weigh against transfer.

**a. All other practical problems that make trial of a case easy, expeditious, and inexpensive is neutral.**

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). A "district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3. At the same time, "copending suits are not to be over-weighed if they are also subject to motions to transfer." *In re Google*, 2021 WL 5292267, at *3. "[I]t is improper for a district court to weigh the judicial economy factor in a plaintiff's favor solely based on the existence of multiple co-pending suits, while the remaining defendants have similar transfer motions pending seeking transfer to a common transferee district." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017).

T-Mobile primarily argues that the practical problems factor favors transfer because the NDCA has handled fifteen actions involving ten patents from VoIP's patent portfolio and because defendants in the Related Cases have also moved to transfer to the same destination venue.

VoIP convincingly responds that most of the cases in NDCA are not directed to the same patents and technologies, so no judicial efficiency would result. To argue for judicial efficiency, T-Mobile cannot simply show that VoIP asserted other, different patents in the NDCA. T-Mobile must do more and show that the cases in the NDCA involve the same patents or related technology. VoIP concedes that declaratory judgement cases filed by Verizon and by Twitter are related to this case, but the NDCA has neither held a *Markman* hearing nor a trial in either case. Thus, the NDCA has yet to do much substantive work on these cases that would give it a greater familiarity of the facts. The NDCA stayed the Verizon case. The Twitter case was filed almost six months after this case. Thus, the NDCA does not yet have much knowledge about the technology in the Asserted Patents. Still, the NDCA may gain judicial economy from aligning the case schedules if the NDCA receives this case and then delays it to synchronize with the Twitter and Verizon cases there.

The Court finds this factor to be neutral overall. There are four copending Related Cases in the WDTX where VOIP alleges infringement of the same Asserted Patents, but the Court gives these Related Cases discounted weight because the defendants in each Related Case filed a motion to transfer. The NDCA might gain judicial efficiency because it has two related copending cases. Thus, this factor is neutral when discounting the four copending Related Cases here and weighing them against the two related copending cases in the NDCA.

**a. The relative ease of access to sources of proof weighs against transfer.**

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-

cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc*., 979 F.3d 1332, 1340 (Fed. Cir. 2020).

T-Mobile identifies no evidence to be weighed in its favor under this factor and only makes arguments in anticipation of what VoIP will argue. Dkt. No. 34 at 3. VoIP argues that it has evidence at its offices near this Courthouse. Dkt. No. 40 at 5. VoIP's CFO works in Waco and likely has financial evidence here. *Id.* at 4.

The Court discounts the quantity of Plaintiff's evidence in Waco because the bulk of the evidence usually comes from the Defendant. However, even a discounted quantity of evidence at VoIP's office here in Waco outweighs the complete lack of evidence near the NDCA identified by T-Mobile. Thus, this factor weighs against transfer.

**b. The availability of compulsory process to secure the attendance of witnesses favors transfer.**

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, No. 6:18-cv-00372, 2019 WL 4743678 at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s]

heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

T-Mobile argues that it needs to compel multiple prior art witnesses in the NDCA to attend trial there. Dkt. No. 34 at 4. T-Mobile does not identify any particular witness that it needs and instead relies on the prior art witnesses identified by Facebook, Google, and Amazon. *Id.* (citing related briefs). Collectively, Facebook, Google, and Amazon identified about a dozen potential prior art witnesses. The Court does not categorically disregard prior art witnesses but discounts them because prior art witnesses rarely appear at trial. *In re Hulu, LLC*, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021). T-Mobile is unlikely to call a dozen prior art witnesses at trial. The Court rarely sees any prior art witnesses testify at trial and has yet to see a dozen of them testify.

VoIP argues that it needs to compel two witnesses herein the WDTX. These include Mr. George Brunt of Business Legal Management in Dallas because he has knowledge about licensing and Mr. Marcus Redding of Intellion Analytics Group in Austin because he has knowledge about damages. T-Mobile argues that these witnesses have only cumulative information and can be paid by VoIP to attend trial. T-Mobile's argument amounts to speculative attorney argument because T-Mobile is unable to supply the Court with a declaration identifying any individual who has redundant knowledge with Mr. Brunt and Mr. Redding. Also, T-Mobile has no evidence that VoIP will pay these witnesses to attend trial.

Overall, the dozen or so prior art witnesses in the NDCA outweigh the two witnesses here in the WDTX. Thus, this factor favors transfer.

**c. The cost of attendance and convenience for willing witnesses weighs against transfer.**

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. When analyzing this factor, the Court should consider all potential materials and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

This factor appropriately considers the cost of attendance of all willing witnesses including both party and non-party witnesses. *In re Pandora*, No. 2021-172, 2021 WL 4772805, at *2-3 (Fed. Cir. Oct. 13, 2021). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *6 (W.D. Tex. Feb. 2, 2021).

"When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). The Federal Circuit has stated that courts should not apply this 100-mile rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317).

"[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time away from an individual's home is a more important

metric than distance. *Id.* Time and distance frequently and naturally overlap because witnesses usually take more time to travel farther away, thereby increasing the time away from home.

Under this factor, T-Mobile does not identify any witnesses who will find it more convenient to attend trial in the NDCA, and the Court does not consider arguments regarding new individuals first identified on reply. Dkt. No. 34 at 4.

VoIP argues that Kevin Williams will find it more convenient to attend trial in Waco because he works out of VoIP's Waco office as VoIP's CFO. VoIP supports its argument with the Declaration of Nicolas Gikkas. Dkt. No. 40-1 ¶ 11. T-Mobile argues that Mr. Williams works out of Bellevue, Washington, which would favor transferring the case. However, T-Mobile offers no evidence or declaration to support its factual dispute. Because only VoIP supplies evidence in the form of a declaration, the Court finds that Mr. Williams works in Waco and that he will find it more convenient to attend trial in Waco.

In its argument for this factor, VoIP identifies other individuals, including VoIP's CEO and inventors of the Asserted Patents. However, VoIP does not argue that any of these individuals will find it more convenient to travel to one venue or the other.

In view of the limited arguments and evidence presented by the parties, the Court finds that Mr. Williams will find it more convenient to attend trial in Waco, and T-Mobile does not identify any other witnesses for the Court to weigh against Mr. Williams. Thus, this factor weighs against transfer.

**2.    The public interest factors weigh against transfer.**

One public interest factor weighs against transfer, and the remaining are neutral. Overall, the public interest factors weigh against transfer.

**a. Administrative difficulties flowing from Court congestion weigh against transfer.**

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). The Court considers the "speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

For this factor, T-Mobile refers the Court to the arguments of Facebook, Amazon, and Google. Dkt. No. 34 at 4 (citing, *e.g.*, to "Google case, Dkt. 24"). In doing so, T-Mobile does not articulate a clear, coherent argument because Facebook, Amazon, and Google each make different, conflicting arguments. Google's brief argues that the NDCA takes 25 months to reach trial, so the Court takes this as T-Mobile's position. Google case, Dkt. 24 at 13. VoIP presents evidence[1] that the WDTX reaches trial faster, in about 19.1 months. Dkt. No. 40 at 6.

In conclusion, this factor weighs against transfer because the case will likely reach trial herein 19 months, which is faster than 25 months in the NDCA. The Court weighs this as a single factor that does not outweigh multiple other factors.

---

[1] Neither party's evidence is particularly accurate or specific to recent patent cases.

**b. The local interest in having localized interests decided at home is neutral.**

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung Elecs. Co.*, Nos. 2021-139, 2021-140, 2021 U.S. App. LEXIS 19522, at *20 (Fed. Cir. June 30, 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). Accordingly, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original). But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence in the district. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *See Id.*

T-Mobile does not make any argument that it has a local interest in the NDCA. T-Mobile refers the Court to the arguments of Facebook, Amazon, and Google, but none of these arguments automatically apply to T-Mobile, which is a different entity. Dkt. No. 34 at 4. Thus, this factor is neutral.

  **c. Familiarity of the forum with the law that will govern the case is neutral.**

For this factor, T-Mobile refers the Court to the arguments of Facebook, Amazon, and Google. Dkt. No. 34 at 4 (citing, *e.g.,* "Amazon case, Dkt. 26 at 11-14"). Amazon's brief argues that this factor is neutral, so the Court treats this as T-Mobile's position. Amazon case, Dkt. 26 at 14. Plaintiff appears to agree without opposition. Dkt. No. 40 at 6. Thus, this factor is neutral.

**d. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.**

For this factor, T-Mobile refers the Court to the arguments of Facebook, Amazon, and Google. Dkt. No. 34 at 4 (citing, *e.g.,* "Facebook case, Dkt. 32 at 14-15"). Facebook's brief argues that this factor is neutral, so the Court treats this as T-Mobile's position. Facebook case, Dkt. 32 at 15 (citing *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319–21 (Fed. Cir. 2008)). Plaintiff appears to agree without opposition. Dkt. No. 40 at 6. Thus, this factor is neutral.

## IV. Conclusion

T-Mobile has not met the burden of showing that this case would be clearly more convenient in the NDCA. T-Mobile's motion largely rests on the convenience of defendants in other cases, but T-Mobile is not able to show that *its* case would clearly be more conveniently litigated in the NDCA. Two private interest factors and one public interest factor weigh against transfer. One private interest factor favors transfer. Overall, the factors weigh against transfer. T-Mobile's motion to transfer is **DENIED**.

SIGNED this 31st day of May, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE