**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC., | |
| *Plaintiff,* | |
| v. | Case No. 6:21-cv-668-ADA |
| AMAZON.COM, INC., et al., | |
| *Defendants.* | |
| VOIP-PAL.COM, INC., | |
| *Plaintiff,* | |
| v. | Case No. 6:21-cv-672-ADA |
| VERIZON COMMUNICATIONS, INC., et al., | |
| *Defendants.* | |
| VOIP-PAL.COM, INC., | |
| *Plaintiff,* | |
| v. | Case No. 6:21-cv-674-ADA |
| T-MOBILE USA, INC., | |
| *Defendant.* | |

**DEFENDANTS' OPPOSED MOTION TO STAY CASE PENDING IPRS**

███████████████

**PUBLIC VERSION**

## TABLE OF CONTENTS

I.     INTRODUCTION..........................................................................................1

II.    BACKGROUND..........................................................................................2

     A.     The PTAB's Recent Institution of Meta's IPRs................................2

     B.     The § 101 Challenge in the Transferred Cases ................................3

III.   LEGAL STANDARD ...................................................................................4

IV.    THE RELEVANT FACTORS CONFIRM THAT A STAY IS WARRANTED.................5

     A.     A Stay Won't Cause VoIP-Pal to Suffer Undue Prejudice. ..........................5

     B.     The Stage of Proceedings Isn't Dispositive. ................................7

     C.     The Likelihood of Simplification Alone Warrants a Stay............................8

V.     CONCLUSION ........................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Baxter Int'l, Inc. v. CareFusion Corp.*,
 No. 15-cv-9986, 2017 WL 11624669 (N.D. Ill. May 31, 2017) ........................................... 5, 7

*Brit. Telecommc'ns PLC v. IAC/InterActiveCorp.*,
 No. 18-cv-366, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ..................................................... 7

*Clinton v. Jones*,
 520 U.S. 681 (1997) ...................................................................................................................... 4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
 No. 2:17-cv140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ............................................... 8

*Evolutionary Intelligence, LLC v. Yelp, Inc.*,
 No. 13-cv-3587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ........................................... 5, 7

*E-Watch, Inc. v. Lorex Canada, Inc.*,
 No. 4:12-cv-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........................................... 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................. 8

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
 No. 6:20-cv-317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021) ..................................... 9

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
 No. 6:20-cv-318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021) ...........................*passim*

*NFC Tech. LLC v. HTC Am., Inc.*,
 No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).................................... 5, 7, 8

*PersonalWeb Techs., LLC v. Apple Inc.*,
 69 F. Supp. 3d 1022 (N.D. Cal. 2014)....................................................................................... 8

*Sonrai Memory Ltd. v. W. Digital Techs., Inc.*,
 No. 6:21-cv-1168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022) .................... 2, 8, 9, 10

*TC Tech. LLC v. T-Mobile USA, Inc.*,
 No. 6-20-cv-899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ........................ 2, 5, 8, 9

*Visual Interactive Phone Concepts, Inc. v. Samsung Telecommc'ns Am., LLC*,
 No. 11-cv-12945, 2012 WL 1049197 (E.D. Mich. Mar. 28, 2012)............................................ 7

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*,
 No. 6:21-cv-302-ADA, 2022 WL 2078030 (W.D. Tex. June 8, 2022)................................. 1, 2

## I.      INTRODUCTION

As this Court has repeatedly stated: "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."[1] That is the case here. On January 31, the PTAB instituted IPRs of all asserted claims of VoIP-Pal's patents-in-suit. A stay pending the resolution of those IPRs will simplify invalidity, as the defendants in the above-captioned cases agree to be bound by the estoppel scope of § 315(e) if this motion is granted.

And based on the institution decisions, it is highly likely that those IPRs will otherwise simplify the issues before the Court. Indeed, the PTAB was not swayed by VoIP-Pal's arguments on the validity of any asserted claims, and the petitions included additional grounds that the PTAB has not yet found necessary to reach. Additionally, a pending § 101 challenge to the same patents makes it even more likely that a stay will simplify the issues here. In VoIP-Pal's co-pending cases that this Court transferred to the Northern District of California, that court has indicated it will rule on a joint § 101 motion challenging all asserted claims before those cases proceed any further.

Thus, a stay here would eliminate the risk of the Court, the taxpayers, and the parties unnecessarily devoting further resources to issues that may soon be mooted on multiple bases. And, as further detailed below, the strong likelihood of simplification here outweighs the other factors this Court considers. For instance, VoIP-Pal delayed seven years before filing suit on the '234 patent. Given that lack of urgency, any prejudice to VoIP-Pal would not extend beyond every patent owner's general interest in the timely enforcement of patent rights. And in analogous circumstances, where the likelihood of simplification is strong, this Court has repeatedly granted

---

[1] *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-318-ADA, 2021 WL 4555804, at *1 (W.D. Tex. Oct. 4, 2021) (quotation omitted); *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*, No. 6:21-cv-302-ADA, 2022 WL 2078030, at *1 (W.D. Tex. June 8, 2022) (same).

stays pending IPRs.[2] Defendants respectfully request that the Court do so again here.

## II.     BACKGROUND

VoIP-Pal commenced these actions on June 25, 2021, alleging infringement of U.S. Patent Nos. 8,630,234 and 10,880,721 (the '234 and '721 patents). As the Court is aware, VoIP-Pal also asserted these patents against other defendants, including Meta (Facebook). As a result, multiple challenges to the validity of each asserted claim are now pending before other tribunals.

### A.     The PTAB's Recent Institution of Meta's IPRs

On June 30, 2022, Meta filed IPR petitions collectively challenging 80 claims of the '234 and '721 patents, including all 25 claims VoIP-Pal is currently asserting here.[3] On January 31, 2023, the PTAB issued decisions instituting IPRs of all challenged claims.[4] Those proceedings, and the asserted claims at issue in each, are summarized below:

| Proceeding | Asserted Claims |
|---|---|
| IPR2022-01232 | '234 patent claims 30, 32, 38, 46, 51, 54, 62, 64, and 70 |
| IPR2022-01234 | '721 patent claims 1, 16, 20, 34, 38, 43, 49, and 140 |
| IPR2022-01235 | '721 patent claims 51, 63, 77, 103, 130, 133, 138, and 139 |

In the two '721 patent IPRs, the Board's institution decisions separately analyze each challenged claim. That includes "exemplary" claim 38, the only asserted claim discussed in VoIP-Pal's

---

[2] *See, e.g.*, *Kirsch Rsch.*, 2021 WL 4555804; *Sonrai Memory Ltd. v. W. Digital Techs., Inc.*, No. 6:21-cv-1168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022); *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-cv-899-ADA, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021); *Xylon*, 2022 WL 2078030.

[3] On November 15, 2022, the deadline for the first of two scheduled meet-and-confers, VoIP-Pal narrowed the asserted claims to the 25 listed in the chart above.

[4] Ex. A (IPR2022-01232, Paper 12); Ex. B (IPR2022-01234, Paper 10); Ex. C (IPR2022-01235, Paper 10). The PTAB also instituted Meta's petition in IPR2022-01231, but VoIP-Pal's updated list of asserted claims does not include any of the '234 patent claims at issue in that IPR.

complaints.[5] As the Board concluded, Meta "established a reasonable likelihood of showing that" each challenged claim would have been obvious in view of Buckley and Bates, a prior-art combination raised in both petitions.[6] Meta's petitions also raised additional invalidity grounds based on combinations including a third reference.[7] But the Board didn't reach those grounds, explaining that it was unnecessary to do so at this stage of the IPR proceedings.[8]

In the '234 patent IPR, the decision—which institutes review of *all* challenged claims—focuses on the three independent claims (i.e., 30, 46, and 62, all of which VoIP-Pal is asserting here).[9] Notably, this tracks VoIP-Pal's preliminary response to the petition, where VoIP-Pal's arguments also focused on those claims.[10] Indeed, none of the relevant institution decisions indicates that the PTAB found VoIP-Pal's validity arguments convincing on any asserted claim or that the PTAB is likely to do so in its Final Written Decisions.

## B.   The § 101 Challenge in the Transferred Cases

The validity of VoIP-Pal's '234 and '721 patents is at issue in three cases currently pending in the Northern District of California.[11] Two of them—involving VoIP-Pal's allegations against Google and Meta—began in this Court and were transferred on May 31, 2022.[12] The third is a

---

[5] *E.g.*, *Amazon*, Dkt. 6 at ¶ 45. Although the complaints discuss "exemplary" claim 20 of the '234 patent, *e.g.*, *id.* at ¶ 33, it isn't among VoIP-Pal's current asserted claims. In any event, the PTAB addressed claim 20 and found that Meta showed a reasonable likelihood of unpatentability. IPR2022-01231, Paper 10 at 19.

[6] Ex. B at 33; Ex. C at 35.

[7] *E.g.*, Ex. C at 7 (challenging asserted claims 63, 130, 133, 138, 139 on grounds including Ejzak).

[8] Ex. B at 33; Ex. C at 35.

[9] Ex. A at 16–18 (finding reasonable likelihood that Buckley alone or in combination with Bates render "at least" these claims unpatentable"); *see also id.* at 2 (noting additional grounds including Ejzak).

[10] *See* Ex. D at 47–48.

[11] *Twitter, Inc. v. VoIP-Pal.com, Inc.*, 3:21-cv-9773; *VoIP-Pal.com, Inc. v. Google, Inc.*, 3:22-cv-3199; *VoIP-Pal.com, Inc. v. Meta Platforms, Inc.*, 3:22-cv-3202.

[12] *See* N.D. Cal. No. 3:22-cv-3199, Dkt. 64 & 65; N.D. Cal. No. 3:22-cv-3202, Dkt. 65 & 66.

declaratory judgment action that Twitter filed on December 17, 2021.[13]

After the transfer, Google moved for judgment on the pleadings on the basis that all asserted claims of the '234 and '721 patents are directed to patent-ineligible subject matter, and thus invalid under § 101.[14] By October 7, 2022, that motion was fully briefed and ready for a decision.[15] But before ruling on it, the California court stayed all VoIP-Pal cases in that district pending a January 26, 2023 conference to discuss coordinating these cases.[16]

At the conference, Twitter and Meta indicated that they also intended to raise § 101. And the court directed those parties and Google to file, or refile, consolidated briefing.[17] Further, the court directed that aside from addressing this motion, the VoIP-Pal cases in the Northern District of California would remain stayed.[18] Defendants' counsel spoke with counsel for Twitter, Google, and Meta, who indicated that they intend to file their joint § 101 motion next week.

## III.    LEGAL STANDARD

Whether to grant a stay is entrusted to a district court's sound discretion.[19] As this Court has explained, it considers three factors when determining whether to exercise this discretion: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date

---

[13] N.D. Cal. No. 3:21-cv-9773, Dkt. 1; *see also* N.D. Cal. No. 3:21-cv-9773, Dkt. 48 (Twitter's first amended complaint adding claims for declaratory judgment of invalidity of both patents).

[14] N.D. Cal. No. 3:22-cv-3199, Dkt. 85; *see also id*. at 4, n2 (listing 63 claims that VoIP-Pal had asserted, including all 25 asserted claims here).

[15] *See* N.D. Cal. No. 3:22-cv-3199, Dkt. 88 (Opposition), 90 (Reply), & 91 ("ORDER. The motion for judgment on the pleadings, Dkt. No. 85, is suitable for decision without oral argument ….").

[16] In addition to the above-discussed '234 and '721 patent cases, VoIP-Pal is asserting its '606 patent in N.D. Cal. Nos. 3:22-cv-4279 and 3:22-cv-5419. VoIP-Pal has also asserted the '606 patent in this district. *E.g.*, *VoIP-Pal, Inc. v. Amazon.com, Inc.*, W.D. Tex. No. 6:20-cv-272.

[17] *E.g.*, N.D. Cal. No. 3:22-cv-3199, Dkt. 95.

[18] *E.g.*, *id*.

[19] *E.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

has been set, and (3) whether the stay will likely result in simplifying the case before the court."[20] This Court has also stated that, at bottom, "courts determine whether the benefits of a stay outweigh the inherent costs based on these factors."[21]

## IV.   THE RELEVANT FACTORS CONFIRM THAT A STAY IS WARRANTED.

### A.   A Stay Won't Cause VoIP-Pal to Suffer Undue Prejudice.

Defendants do not dispute that patent owners have an interest in the timely enforcement of their patent rights. But as Judge Bryson explained in *NFC Technology*, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion."[22] And here, VoIP-Pal does not sell competing products in the marketplace, has not sought to preliminarily enjoin any alleged infringement, and could be sufficiently compensated for any infringement with money damages. Thus, as this Court stated in *Kirsch Research*, "the weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery."[23]

Further, VoIP-Pal's lack of urgency in investigating and filing these cases undercuts any "undue" prejudice. The '234 patent issued in 2014.[24] And the accused products have been on the market for years—i.e., T-Mobile launched the accused WiFi calling in 2006, Verizon launched the

---

[20] *Kirsch Rsch.*, 2021 WL 4555804, at *2 (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)).

[21] *Id.*

[22] 2015 WL 1069111, at *2; *accord, e.g.*, *TC Tech.*, 2021 WL 8083373, at *2.

[23] *Kirsch Rsch.*, 2021 WL 4555804, at *2 (citing *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice.")); *see also Evolutionary Intelligence, LLC v. Yelp, Inc.*, No. 13-cv-3587, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) (If "plaintiff does not market any products or services covered by the patents-in-suit and does not seek a preliminary injunction," it "can be fully restored … with monetary relief," and "[t]his factor would strongly favor granting the stay."); *Baxter Int'l, Inc. v. CareFusion Corp.*, No. 15-cv-9986, 2017 WL 11624669, at *4 (N.D. Ill. May 31, 2017) ("[O]pting not to pursue preliminary injunctive relief can weigh against a finding of undue prejudice.").

[24] The later issued '721 patent is a continuation of this patent. Both claim priority to a 2009 application.

accused WiFi calling in 2015, and Amazon launched the accused Alexa calling feature in 2017.

Yet VoIP-Pal waited until June 25, 2021, to file its complaints. Indeed, ████████████████

████████████████████████████████████████████████████████████████████

████████████████. For instance, VoIP-Pal attorney and 30(b)(6) designee on VoIP-Pal's pre-filing

investigation David Gileff testified:



To be sure, VoIP-Pal agreed in December 2022 to extend the schedule and trial dates.[26]

And VoIP-Pal's delays during discovery similarly demonstrate a lack of urgency in prosecuting

these matters. For example, VoIP-Pal did not produce emails from the first three inventors who

were deposed until the days of their depositions, contrary to Judge Gilliland's order.[27] And those

productions were not complete, as VoIP-Pal failed to produce over 100,000 pages of inventor

---

[25] Ex. E at 306:11–19; *accord* Ex. F at 773:12–774:1 (████████████████████); *see also id.* at 630:22–632:19 (████████████████████; *id.* at 630:14–21 (████████████████████
████████).

[26] *See Amazon*, Dkt. 111.

[27] *T-Mobile*, Dkt. 76 at 5 (ordering that "[e]mail production for any witness deposition must be completed before any deposition of that witness takes place").

emails until January 30, 2023, just three days before the fact discovery cutoff.[28] In analogous cir-
cumstances, courts have found that the "undue prejudice" factor either favors a stay[29] or is neu-
tral.[30] This Court should reach a similar conclusion.

### B.    The Stage of Proceedings Isn't Dispositive.

Here, the fact discovery deadline recently passed, but further fact discovery remains to be
completed. For instance, on February 13, the Court granted additional deposition time with VoIP-
Pal's CEO, Emil Malak, and ruled that he waived privilege for two categories of documents that
VoIP-Pal had improperly withheld or attempted to claw back. This ruling will require further pro-
duction and review of documents before that deposition can be scheduled. And due to VoIP-Pal's
late production of more than 100,000 pages of documents, as mentioned above, VoIP-Pal also will
be producing two of the other named inventors for additional deposition time.

And even though the resources that the parties and the Court have expended so far are
significant, courts consider what remains to be done in a case when weighing this factor. For in-
stance, in *British Telecommunications PLC v. IAC/InterActiveCorp.*, Judge Bryson granted a stay
three months before trial, in part because the "most burdensome parts of the case for the parties
and the court—preparation for trial, going through the trial process, and engaging in post-trial
motions practice—all lie in the future."[31] Here, too, the greater burdens on the litigants and the

---

[28] *T-Mobile*, Dkt. 84 at 4 (further detailing this history).

[29] *See, e.g.*, *Evolutionary Intelligence*, 2013 WL 6672451, at *8.

[30] *See, e.g.*, *Baxter*, 2017 WL 11624669, at *4 (finding this factor "at best for [patent owner], neutral," as it
"showed no sense of urgency in enforcing its patents"); *Visual Interactive Phone Concepts, Inc. v. Samsung
Telecommc'ns Am., LLC*, No. 11-cv-12945, 2012 WL 1049197, at *1 (E.D. Mich. Mar. 28, 2012) (finding
no undue prejudice where accused product was sold on market for one year before complaint).

[31] No. 18-cv-366, 2020 WL 5517283, at *6 (D. Del. Sept. 11, 2020) (finding this factor "not dispositive");
*accord NFC Tech.*, 2015 WL 1069111, at *3 (similarly granting stay where "bulk of the expenses that the
parties would incur in pretrial work and trial preparation are still in the future").

judicial system still lie ahead. And given the potential for simplification, as further discussed below, this Court shouldn't find the stage-of-litigation factor dispositive. To be sure, courts have often granted stays at similar stages of litigation, or later.[32]

### C.   The Likelihood of Simplification Alone Warrants a Stay.

As this Court has repeatedly stated, the likelihood that a stay may simplify the issues is the "most important factor" in the stay analysis.[33] Indeed, allowing the Patent Office to do its job and simplify the validity issues in district court proceedings is what Congress intended when it created IPRs. As this Court explained in *TC Technology*:

> Congress's purpose in creating an inter partes review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed. Giving the agency the authority to consider the validity of patents in the inter partes review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.[34]

Here, as detailed above, the PTAB instituted Meta's IPR petitions challenging all 25 asserted claims. As such, Meta's IPRs could fully resolve the instant matters.[35] Further, the PTAB expressly analyzed 20 of those 25 claims, including the only "exemplary" asserted claim discussed

---

[32] *See, e.g.*, *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv140, 2019 WL 11023976, at *6–7 (E.D. Tex. Feb. 14, 2019) (collecting similar E.D. Tex. cases and granting stay where "discovery was nearly complete and the trial date was four months away at the time the stay motion was filed"); *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (finding "this factor slightly weighs in favor of a stay," even though court had already issued claim construction order and parties had "produced over 500,000 pages" and "taken a dozen depositions"); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. 4:12-cv-3314, 2013 WL 5425298, at *3 (S.D. Tex. Sept. 26, 2013) (finding case "not so advanced" to disfavor stay, as "more work [was] ahead of the parties and the Court than behind").

[33] *Sonrai Memory*, 2022 WL 3108818, at *3; *accord TC Tech.*, 2021 WL 8083373, at *3 ("The final and most important factor in determining whether to grant a stay is whether the reexamination proceeding will result in simplification of issues before the Court."); *Kirsch Rsch.*, 2021 WL 4555610, at *1 (similar).

[34] 2021 WL 8083373, at *3 (quoting *NFC Tech.*, 2015 WL 1069111 at *4).

[35] *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a [patent] claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

in the complaints here. The PTAB didn't adopt any of VoIP-Pal's arguments, or otherwise indicate

that it may be leaning VoIP-Pal's way on any asserted claims. And the PTAB only reached the

Buckley-Bates combination, so it may also find certain asserted claims obvious in view of other

grounds. As this Court's previous decisions confirm, all these facts further show that the likelihood

of simplification is high, and that the requested stay is warranted.[36]

In addition, the requested stay will assuredly simplify the invalidity issues here. If this

motion is granted, all three defendants agree to be bound by the estoppel scope of § 315(e), con-

sistent with similar agreements in *Kirsch Research*.[37] As this Court found in that case, this signif-

icantly favors a stay. And beyond the above, VoIP-Pal is asserting the '234 and '721 patents in

the transferred California cases. Google already moved to dismiss on the basis that all asserted claims

are directed to ineligible subject matter.[38] And defendants understand that Google, Twitter, and

Meta will jointly file their renewed § 101 motion next week. Thus, not only are all asserted claims

facing one or more § 103 grounds in the IPRs, they also are, or soon will be, facing a § 101 motion

that may fully resolve the present matters.[39]

And where, as here, there are multiple potential bases for invalidating the asserted claims,

---

[36] *See, e.g., TC Tech*. 2021 WL 8083373, at *3 (granting stay where reexamination "may eliminate the need for trial entirely"); *Sonrai*, 2022 WL 3108818, at *4 (granting stay where "multiple grounds present a reasonable likelihood of unpatentability," and where two of three institution decisions didn't include "painstaking analyses of the challenged claims," as this was "no doubt due to Sonrai's failure to mount an exhaustive defense in its preliminary patent owner responses").

[37] 2021 WL 4555804, at *3 ("Tarco confirmed via email that, as a condition for granting this Motion, Tarco would agree to be estopped under the full scope of § 315(e), as if it was the [IPR petitioner]. The Court, therefore, finds this factor favors a stay."); *accord Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (same for different defendant).

[38] N.D. Cal. No. 3:22-cv-3199, Dkt. 85; *see also id*. at 1 (detailing that Northern District of California previously found six VoIP-Pal patents (which that court described as "similar") invalid under § 101, and the Federal Circuit affirmed).

[39] As noted, the court indicated that it intends to proceed with resolving the § 101 motion, while otherwise staying the transferred California cases. Thus, defendants expect that the court will address § 101 at the same time other validity issues are being litigated in the IPRs (where § 101 cannot be raised).

this Court has repeatedly held that simplification alone may warrant a stay. For instance, in *Sonrai Memory*, the case was "advanced," but this Court found that "the simplification-of-issues factor overwhelm[ed] the other two factors," in part because of "the number of grounds the PTAB instituted IPR upon for each of the asserted claims."[40] This Court reached a substantially similar conclusion in *Kirsch Research*.[41] And for all the above reasons, it again should do so here.

## V.    CONCLUSION

A stay would avoid unnecessary litigation of issues that may soon be mooted in multiple forums, ensuring the efficient use of party and taxpayer resources. It would also be fair to all parties, including VoIP-Pal, given its delays in pursuing these matters and producing discovery. Accordingly, this Court should stay these matters pending the final resolution of Meta's IPRs.

---

[40] 2022 WL 3108818, at *5.

[41] *E.g.*, 2021 WL 4555804, at *3 (finding that "simplification-of-issues factor overwhelms the other two factors," where "given the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the [asserted] patent, rendering continued litigation of this case wasteful").

Dated: February 16, 2023

Respectfully submitted,

/s/ Deron Dacus

Deron Dacus
State Bar No. 0079-553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: (903)705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@venable.com
William C. Lawrence (*pro hac vice*)
wclawrence@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4569

William A. Hector (*pro hac vice*)
wahector@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750

Laura A. Wytsma (*pro hac vice*)
lawytsma@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900

*Attorneys for Defendants*
*Verizon Communications Inc.,*
*Cellco Partnership d/b/a Verizon*
*Wireless, Verizon Services Corp., and*
*Verizon Business Network Services LLC*

/s/ R. William Sigler

Alan M. Fisch (*pro hac vice*)
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

M. Craig Tyler
Texas Bar No. 00794762
ctyler@perkinscoie.com
PERKINS COIE LLP
500 W 2nd St, Suite 1900
Austin, TX 78701-4687
Tel: (737) 256-6113
Fax: (737) 256-6300

Daniel T. Shvodian (*pro hac vice*)
dshvodian@perkinscoie.com
Christopher Kelley (*pro hac vice*)
ckelley@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300
Fax: 650.838.4350

*Attorneys for Defendants*
*Amazon.com, Inc.; Amazon.com, Services*
*LLC; and Amazon Web Services, Inc.*

11

*/s/ Amanda Tessar*

Amanda Tessar
atessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Tel: (303) 291-2357
Fax: (303) 291-2457

Martin E. Gilmore
mgilmore@perkinscoie.com
PERKINS COIE LLP
405 Colorado St., Suite 1700
Austin, TX 78701
Tel: (737) 256-6118
Fax: (737) 256-6300

Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendant*
*T-Mobile USA, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(i), counsel for defendants has conferred with counsel for VoIP-Pal in a good-faith effort to resolve the matter presented herein. Counsel for VoIP-Pal stated that VoIP-Pal opposes the instant motion.

*/s/ R. William Sigler*
R. William Sigler

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2023, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the Western District of Texas, *via* the CM/ECF system, and also served a copy on all counsel of record *via* email in compliance with Local Rule CV-5.2(e).

*/s/ R. William Sigler*
R. William Sigler
