IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE USA, INC.<br><br>　　　　Defendant. | Civil Action No. 6:21-cv-674-ADA |

**ORDER GRANTING-IN-PART**
**VOIP-PAL'S MOTION TO COMPEL DEPOSITION OF NAYLA HAMADE**

Before the Court is a discovery dispute between Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal") and Defendant T-Mobile USA, Inc. ("T-Mobile"). The issue presented is whether T-Mobile should be compelled to produce Nayla Hamade for a deposition regarding facts introduced after the close of fact discovery. Following submission of the parties' discovery dispute chart to the Court on August 30, 2023, the Court held a hearing on September 5, 2023 to address this dispute.

**VoIP-Pal's Position**

The Court should compel T-Mobile to produce Nayla Hamade for a deposition concerning her conversations with T-Mobile's technical expert (EX1) and her declaration (Dkt. 175-1) because her hearsay statements and testimony introduce new facts regarding HotSpot@Home, T-Mobile's lone prior art reference, that T-Mobile failed to disclose during fact discovery. VoIP-Pal did not depose Ms. Hamade during fact discovery because T-Mobile belatedly disclosed her and hid her relevance.

1

T-Mobile first disclosed Ms. Hamade on 11/17/2022—four months after T-Mobile served its Final Invalidity Contentions and just 15 days before the then-close-of-fact discovery.  EX2 at 3.  At that time, VoIP-Pal was in the midst of deposing T-Mobile's 30(b)(6) designees.  T-Mobile, however, refused to designate a witness to testify regarding VoIP-Pal's 30(b)(6) Topic No. 24, which sought the factual basis of T-Mobile's affirmative defenses including invalidity.  EX3 at 25.  Despite VoIP-Pal's objections, T-Mobile also refused to disclose which of the 108 references identified in T-Mobile's invalidity contentions it intended to rely on by the 11/15/2022 case-narrowing deadline.  EX4 at 1-2; Dkt. 30 at 6.  T-Mobile further did not seek leave to add an inequitable conduct defense based on HotSpot@Home until 2/6/2022—four days after fact discovery ultimately closed.  Thus, -T-Mobile hid Ms. Hamade's relevance to its defenses.  EX5 at 14-20.  That did not become apparent until T-Mobile served its invalidity expert report on 2/9/2023, which narrowed T-Mobile's asserted prior art to just HotSpot@Home.  VoIP-Pal first requested a deposition of Ms. Hamade at that time but T-Mobile refused.  EX6.

T-Mobile refuses to produce Ms. Hamade because it claims that VoIP-Pal did not seek to depose Ms. Hamade before fact discovery closed.  The Court should not condone such gotcha tactics.  As noted above, VoIP-Pal did not know that T-Mobile intended to rely *only* on HotSpot@Home until T-Mobile served its invalidity expert report.  Additionally, VoIP-Pal *did* seek a 30(b)(6) witness to testify regarding the factual basis of T-Mobile's defenses, which T-Mobile refused to provide.  By using Hamade to buttress its invalidity case after the fact discovery deadline, T-Mobile invited further discovery and should not be allowed to exploit the deadline by denying VoIP-Pal the opportunity to cross examine Ms. Hamade on belatedly disclosed facts.  Moreover, T-Mobile is prolonging fact discovery by seeking continued depositions of inventors Bjorsell and Malak, which are scheduled for September.

Courts have allowed depositions of fact witnesses when a party's expert relies on conversations with the witness in forming his or her opinions. *See Oracle America, Inc., v. Google Inc.*, No. 3:10-cv-03561-WHA, Dkt. 712 (N.D. Cal. Feb. 9, 2012); *see also* Fed. R. Civ. P. 26(a)(2)(B) (requiring disclosure of facts considered by expert in forming opinions). Courts also have allowed depositions of witnesses who submit a declaration in opposition to a summary judgment motion. *See, e.g., Viamedia, Inc. v. Comcast Corp.*, 2022 U.S. Dist. LEXIS 43964 (N.D. Ill. Mar. 11, 2022). This Court's ruling in *Koss* is inapplicable because the nonmoving party did not introduce new facts through its witness after fact discovery closed as T-Mobile has.

**Relief Requested**: Accordingly, VoIP-Pal respectfully requests that the Court Order that "VoIP-Pal's Request to compel T-Mobile to produce Ms. Nayla Hamade for a deposition regarding her conversations with T-Mobile's technical expert and her declaration in support of T-Mobile's Opposition to VoIP-Pal's Motion for Summary Judgment of No Invalidity is GRANTED. T-Mobile shall produce Ms. Hamade for deposition within 14 days of this Order."

## T-Mobile's Position

VoIP-Pal chose not to depose Ms. Hamade during fact discovery. Now it demands a deposition ***six months after fact discovery's close*** and after completing summary judgment briefing. VoIP-Pal's request should be denied.

Ms. Hamade's relevance was clear from the outset. HotSpot@Home is T-Mobile's own prior-art calling system ***and*** the basis for its inequitable conduct claim (VoIP-Pal knew about and used HotSpot@Home in 2006, and made a specific decision not to disclose it to the PTO). VoIP-Pal long concealed these actions with illegitimate privilege claims and delayed productions/depositions, and now—incredibly—uses its delays to blame ***T-Mobile*** for VoIP-Pal's professed failure to understand HotSpot@Home's significance.

T-Mobile disclosed HotSpot@Home in Defendants' shared invalidity contentions on 7/26/2022, EX7, and disclosed Ms. Hamade, *specifically noting her knowledge of HotSpot@Home*, as one of only a handful of witnesses on 11/17/2022.  EX2 at 3.  Ms. Hamade's name also appears in produced HotSpot@Home documents.  Nobody has "hid[den] Ms. Hamade's] relevance."

Nor was her disclosure "belated."  Fact discovery closed February 2, 2023 (Dkt. 81), giving VoIP-Pal not 15 but *77 days* to take Ms. Hamade's deposition.  VoIP-Pal never asked to.  Nor did it seek relief after seeing T-Mobile's invalidity expert report, or before completing summary judgment briefing.

VoIP-Pal never moved to compel testimony for its catch-all 30(b)(6) topic.  Overbroad Topic 24 demanded generic testimony regarding "the factual bases of Your affirmative defenses and counterclaims."  It does not mention invalidity, much less HotSpot@Home.  T-Mobile timely objected to this improper topic (EX8); the parties conferred; and VoIP-Pal then understandably dropped the issue.

Similarly, T-Mobile was not required to narrow to one prior-art reference during fact discovery, but—if VoIP-Pal wanted to complain about this—it should have done so last November.

VoIP-Pal's cited cases do not support late depositions.  *Viamedia*, for instance, involved undisclosed theories—not at issue here.  In fact, *Viamedia* approvingly cites a case denying depositions where the movant waited until post-summary judgment briefing to seek relief.  *Jugobanka d.d N.Y. Agency v. Unis Int'l Corp.*, No. 93C1865, 1194 U.S. Dist. LEXIS 18820, at *2 (N.D.Ill. 1/5/1995) (denying depositions where movant "provided no justification for why it has not attempted to discover and depose these individuals previously").  Moreover, VoIP-Pal

ignores this Court's precedent denying a motion to compel out-of-time depositions for timely-disclosed witnesses. *Koss Corp. v. Apple, Inc.*, No. 6:20-cv-665, Dkt. 145 (W.D.Tex. 3/2/2022); *see also Image Processing Techs. v. Samsung*, No. 2:20-cv-50-JRG, Dkt. No. 194 (E.D.Tex. 6/20/2020) (denying motion to strike expert's reliance on timely-disclosed witness).

That VoIP-Pal has successfully long delayed Court-ordered supplemental depositions of its witnesses (2/23/23 Order, Dkt. 95) is also no justification for permitting an out-of-time T-Mobile deposition. Limited fact discovery continues for VoIP-Pal witnesses because of VoIP-Pal's litigation shenanigans; that is not a basis for punishing T-Mobile with a late deposition that VoIP-Pal previously chose to forgo.

Finally, Rule 26 provides VoIP-Pal no relief. T-Mobile's expert properly disclosed facts he learned from Ms. Hamade. VoIP-Pal could have discovered these facts, had it been diligent. It was not; it must live with the consequences.

**Relief Requested:** Order that VoIP-Pal's Request to compel T-Mobile to produce Ms. Nayla Hamade for a deposition is DENIED. In the alternative, if the Court grants VoIP-Pal's requested relief, order that VoIP-Pal must bear all costs and fees associated with preparing for and presenting Ms. Hamade for her deposition.

## Resolution

After reviewing the parties' positions, case file, and applicable law, the Court **GRANTS-IN-PART** VoIP-Pal's requested relief, as follows:

T-Mobile shall produce Ms. Nayla Hamade for a deposition not to exceed three hours and limited in scope to her conversations with T-Mobile's technical expert and her declaration in support of T-Mobile's Opposition to VoIP-Pal's Motion for Summary Judgment of No Invalidity.

**SIGNED** this 3rd day of October, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE