**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

VOIP-PAL.COM, INC.

                Plaintiff,

    v.

T-MOBILE USA, INC.,

                Defendants.

Case No. 6:21-cv-674-ADA

███████████████

**PUBLIC VERSION**

**VOIP-PAL.COM INC.'S OPPOSITION TO T-MOBILE'S MOTION FOR SANCTIONS
BASED ON VOIP-PAL'S [ALLEGED] VIOLATION OF THE COURT'S ORDER
DATED FEBRUARY 23, 2023**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND .................................................................................................................. 2

    A.    T-Mobile Mischaracterizes The Parties' Discovery And Privilege Disputes. ............ 2

    B.    The Alleged Deficiencies Of VoIP-Pal's Prior Privilege Logs Are Irrelevant. .......... 5

    C.    The Court Has Already Determined That The Parties' Dispute Should Be Referred To A Special Master. ................................................................................................ 8

III.  LEGAL STANDARD ....................................................................................................... 12

IV.  ARGUMENT ...................................................................................................................... 13

    A.    VoIP-Pal Has Not Disregarded The Court's Order And T-Mobile Has Suffered No Prejudice. ............................................................................................................. 13

    B.    The Court Should Reject T-Mobile's Requested Sanctions. .................................... 17

V.   CONCLUSION................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Arigna Tech. Ltd. v. Samsung Elecs. Co.*,
  No. 6:21-CV-00943-ADA, 2022 U.S. Dist. LEXIS 128453 (W.D. Tex. July 20, 2022).......... 19

*Boyd v. Union Pac. Corp.*, No. 2:09-CV-000254-TJW-CE,
  2011 U.S. Dist. LEXIS 38632 (E.D. Tex. Apr. 4, 2011)......................................................... 20

*ClearValue, Inc. v. Pearly River Polymers, Inc.*,
  560 F.3d 1291 (Fed. Cir. 2009) .............................................................................................. 12

*Compaq Comput. Corp. v. Ergonome Inc.*,
  387 F.3d 403 (5th Cir. 2004) .................................................................................................. 12

*E.E.O.C. v. General Dynamics Corp.*,
  999 F.2d 113 (5th Cir. 1993) .................................................................................................. 12

*Handgards, Inc. v. Johnson & Johnson*,
  413 F. Supp. 926 (N.D. Cal. 1976) ......................................................................................... 16

*In re Queen's Univ.*,
  820 F.3d 1287 (Fed. Cir. 2016) .............................................................................................. 15

*Lenz v. Universal Music Corp.*,
  No. C07-03783 JF (HRL), 2012 U.S. Dist. LEXIS 28082 (N.D. Cal. Mar. 1, 2012) .............. 16

*Mendoza v. Lynaugh*,
  989 F.2d 191 (5th Cir. 1993) .................................................................................................. 19

*NASCO, Inc. v. Calcasieu Television & Radio, Inc.*,
  894 F.2d 696 (5th Cir.1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) . 12

*SEC v. Brady*,
  238 F.R.D. 429 (N.D. Tex. 2006 ............................................................................... 12, 16

*United States v. $ 49,000 Currency*,
  330 F.3d 371 (5th Cir. 2003) .................................................................................................. 12

*United States v. Nobles*,
  422 U.S. 225 (1975) ............................................................................................................... 16

**Rules**

Fed. R. Civ. P. 26(b)(4)(B)-(C)................................................................................................ 16

Rule CV-7 (G)......................................................................................................................... 19

**TABLE OF ABBREVIATIONS**

| ABBREVIATION | TERM |
|---|---|
| VoIP-Pal | Plaintiff VoIP-Pal.com, Inc. |
| T-Mobile | Defendant T-Mobile USA, Inc. |
| The '234 patent | U.S. Patent No. 8,630,234 |
| The '721 patent | U.S. Patent No. 10,880,721 |
| The Mobile Gateway patents or the patents-in-suit | The '234 and '721 patents |
| The Court's Order | Order Granting-In-Part T-Mobile's Motion Regarding VoIP-Pal's Privilege Claims dated February 23, 2023 (Dkt. No. 95) |

## I.     INTRODUCTION

T-Mobile's Motion for Sanctions should be denied because it seeks to relitigate a dispute that the Court already determined should be referred to a special master.  T-Mobile previously moved for fees and costs based on virtually the same alleged deficiencies regarding VoIP-Pal's compliance with the Court's Order.  The Court determined that it does not have the resources to review VoIP-Pal's privilege log and the underlying documents and to assess whether VoIP-Pal is properly withholding privileged documents under the Court's Order.  The Court unequivocally advised T-Mobile that if it wanted to continue this fight then it would need to engage a special master.  T-Mobile chose not to.  The Court should not allow T-Mobile to circumvent the Court's prior ruling simply because T-Mobile maintains its mistaken belief that VoIP-Pal has not met its obligations under the Court's Order.

T-Mobile's Motion also should be denied because neither the Court nor a special master has determined that any of the documents that T-Mobile claims that VoIP-Pal is improperly withholding are not privileged.  Although the Court found that VoIP-Pal waived privilege on a variety of subjects, the Court's Order is not all encompassing.  It expressly excepts two categories of documents from the scope of the waiver: (1) documents related to presuit investigation, prior-art searching, and prosecution and (2) documents related to conception and reduction to practice.  VoIP-Pal has properly withheld documents on these bases.  In addition, VoIP-Pal has properly withheld irrelevant documents, which it has no obligation to produce, documents related to attorney fee arrangements, for which T-Mobile did not seek such relief from the Court and agreed do not need to be produced, and expert work product, which is protected by a separate immunity.  As such, T-Mobile has not and cannot make any showing that VoIP-Pal's failure to produce these documents is willful.

All T-Mobile does is fuss about immaterial, alleged deficiencies in VoIP-Pal's privilege log, including even the most trifling of complaints, such as the log's font size.  The notion that T-Mobile has had to explain to VoIP-Pal what a proper privilege log includes is fanciful.  In truth,

VoIP-Pal's privilege log includes *more* information than VoIP-Pal is obligated to provide under the Court's Order and the Federal Rules.  Yet T-Mobile hopes that by littering its Motion with a laundry list of gripes regarding a small number of alleged deficiencies, most of which VoIP-Pal has already addressed, the Court will overlook the fact that VoIP-Pal's privilege log is substantially compliant with the Court's Order.  The Court should not be distracted by the façade T-Mobile has erected.

T-Mobile also cannot legitimately complain about the effort and expense of its choice to litigate privilege issues regarding 60,000 emails.  T-Mobile started this fight by proposing overly broad search terms that required VoIP-Pal to collect and review over 278,000 emails.  T-Mobile's strategy has been to manipulate the inherent inaccuracies associated with large-scale privilege reviews to harass VoIP-Pal into producing documents that T-Mobile is not entitled to.  The Court should not grant T-Mobile monetary sanctions simply because T-Mobile's strategy of trying to exploit the Court's Order backfired.

Finally, T-Mobile's attempt to connect VoIP-Pal's allegedly improper privilege claims with its flimsy inequitable conduct defense is a stretch at best.  Tellingly, as with its previous motion for fees and costs, T-Mobile does not even seek to compel VoIP-Pal to produce the allegedly improperly withheld documents that it claims support its defense.  That is because T-Mobile wants to bypass the special master and obtain a quick fix for its feeble defense.  If T-Mobile wants to pursue this defense further, then the Court should appoint a special master of its choosing to assess VoIP-Pal's privilege claims.  Otherwise, T-Mobile's Motion should be denied in its entirety.

## II.    BACKGROUND

In its background section, T-Mobile rehashes largely irrelevant facts that the Court has already considered.  T-Mobile also misstates and omits several material facts that undermine the merits of its Motion.

### A.  T-Mobile Mischaracterizes The Parties' Discovery And Privilege Disputes.

Contrary to what T-Mobile suggests, the parties' dispute began because T-Mobile thought that it was entitled to general email discovery without having to comply with the requirements of the Court's Order Governing Proceedings-Patent Cases ("OGP").  The Court rejected T-Mobile's request that VoIP-Pal produce allegedly readily identifiable emails and ordered the parties to meet and confer to discuss appropriate custodians and search terms.[1]  T-Mobile also falsely states that VoIP-Pal produced a limited set of emails.[2]  VoIP-Pal initially produced over 13,000 emails and withheld 60,000+ additional emails in response to T-Mobile's overly broad search terms.

T-Mobile tries to confuse the issue raised by its Motion by complaining about VoIP-Pal's December 16, 2022 Privilege Log and First Supplemental Privilege Log regarding conception and reduction to practice for the first time.  Not only has T-Mobile never previously asserted that these logs were deficient, but these logs have nothing to do with VoIP-Pal's email production.  T-Mobile also had never previously inquired why VoIP-Pal's First Supplemental Privilege Log contains 29 additional entries.  T-Mobile further incorrectly states that VoIP-Pal never explained why these 29 documents had not been included in the original log[3]—the log itself indicates that the additional entries are emails that were included in the emails on the original log.[4]

Although T-Mobile gripes regarding VoIP-Pal's privilege claims, it is readily apparent that the real reason T-Mobile brings the instant Motion is that it has no evidence that VoIP-Pal intended to withhold references allegedly relating to T-Mobile's HotSpot@Home from the PTO and therefore has no inequitable conduct claim.  T-Mobile mistakenly believes claims that Exhibit N to its Motion constitutes such evidence.  First, Exhibit N does not even mention HotSpot@Home. Second, T-Mobile has no evidence that the prior art standards document mentioned in Exhibit N

---

[1] Dkt. No. 76 at 5.
[2] Dkt. No. 219 at 3.
[3] *Id.* at 3 n.1.
[4] *See, e.g.*, Dkt. No. 219-2 at Ex. A, 1.

describes the operation of HotSpot@Home.  Third, if anything, Exhibit N shows that VoIP-Pal determined the prior art standards document has ████████████████████

████████"[5]  Rather, T-Mobile's purported evidence of intent hinges on one statement by ██



.  The real dispute raised by T-Mobile's Motion concerns VoIP-Pal's alleged lack of compliance with the Court's Order granting-in-part and denying-in-part T-Mobile's motion to compel the production of privileged documents, which T-Mobile deliberately mischaracterizes. T-Mobile deceptively parses paragraph 2 of the waiver order to try to make it seem as if the two waiver exceptions do not apply to the entire order—they do.  Properly written, paragraph 2 of the Court's Order reads:

> VoIP-Pal shall produce any documents that it previously withheld as privileged, whether logged or not, relating to any topics in Exhibits A-1, A-2, C, and E, including, but not limited to, such topics in Exhibits A-1 and A-2 as litigation strategy, damages/license/valuation, prosecution, and infringement, such topics in Exhibit C as Mr. Malak's role in the conception of the alleged invention, inventorship, claim-drafting, prior art analysis, litigation funding, and continuation strategy, and such topics in Exhibit E as disclosure obligations, T-Mobile and UMA prior art, Wi-Fi calling systems and standards, and any instructions to withhold art from patent prosecutors *except to the extent that such documents concern the categories of documents subject to challenges 2 and 4 above.* In producing such documents, VoIP-Pal should include: (a) any documents previously logged that fall into these categories; (b) any documents clawed back, but not logged; and (c) any privileged documents that were not previously produced, whether or not logged,

---

[5] Dkt. No. 219-14 at 2.

including, but not limited to, the 61,000 of Mr. Malak's emails.  Such production shall be completed within 28 days of this Order.[6]

Challenge 2 covers "pre-suit investigation, prior-art searching, and prosecution."[7]  Challenge 4 covers "conception/reduction [to practice]."[8]  Indeed, the Court's Order expressly states "[w]ith respect to challenges No. 2 and 4 above, the Court disagrees that VoIP-Pal has waived privilege and DENIES T-Mobile's motion."[9]  T-Mobile further tries to obfuscate the proper reading of the Court's Order by speculating as to the reasons the Court denied T-Mobile's motion as to these two challenges.[10]  But the Court did not state its rationale for granting T-Mobile's motion in part either. Thus, the Court's Order should be understood according to its plain language.

**B.  The Alleged Deficiencies Of VoIP-Pal's Prior Privilege Logs Are Irrelevant.**

**C.**

T-Mobile's complaints regarding prior versions of VoIP-Pal's privilege logs are both inaccurate and irrelevant.  VoIP-Pal produced the documents and the privilege log required by the Court's Order.  Although T-Mobile claims that VoIP-Pal's initial production and log were deficient, T-Mobile grossly mischaracterizes the parties' attempt to address the issue–the parties met and conferred and VoIP-Pal agreed to produce additional documents from the log, including documents identified by T-Mobile, and provide an updated privilege log.[11]  T-Mobile also unfairly criticizes VoIP-Pal's efforts to comply with the Court's Order.  VoIP-Pal spent over six weeks conducting two separate reviews of the 61,000 documents subject to the Court's Order, employing

---

[6] Dkt. No. 95 at 6.
[7] Dkt. No. 95 at 2.
[8] *Id.*
[9] Dkt. No. 95 at 6.
[10] Dkt. No. 219 at 5 n.2.
[11] Dkt. No. 219-16 at 1.

22 reviewers who spent over 2,700 hours reviewing documents.[12]   Simply because T-Mobile identifies a handful of alleged deficiencies does not mean that VoIP-Pal has not continually used its best efforts to comply with the Court's Order.

Moreover, many of T-Mobile's alleged deficiencies regarding the log that VoIP-Pal served on March 23, 2023, in response to the Court's Order lack merit or have been addressed:

- In addition to the email subject line or document file name, VoIP-Pal has provided T-Mobile with a description of the subject matter of the email.  In addition, though not required to, VoIP-Pal provided T-Mobile VoIP-Pal's internal categorization of each email, which also describes the basis of VoIP-Pal's privilege claim.

- VoIP-Pal provided T-Mobile a separate list naming everyone on its privilege log and indicating their corporate affiliation whether or not they are an attorney, to the extent that VoIP-Pal has that information.

- T-Mobile falsely suggests that emails that contain no attorney in the to, from, or cc fields mean that the email is not privileged.[13]   Such emails may still be privileged if other emails in the thread contained privileged information and the email thread only includes people within a privileged relationship.

- Putting aside the fact that T-Mobile did not previously advise VoIP-Pal of any of the examples from VoIP-Pal's initial log that T-Mobile presents in its Motion and that T-Mobile claims were improperly withheld, VoIP-Pal has already produced all of the entries: CTRL0000174854 (Dkt. No. 219-5 at 368), CTRL0000086011 (Dkt. No. 219-5 at 94), CTRL0000086037 (Dkt. No. 219-5 at 94), CTRL0000086038

---

[12] Hudnell Decl. at ¶9.
[13] Dkt. No. 219 at 7.

(Dkt. No. 219-5 at 94), CTRL0000086049 (Dkt. No. 219-5 at 94), CTRL0000086051 (Dkt. No. 219-5 at 94), CTRL0000086052 (Dkt. No. 219-5 at 94), CTRL0000039024 (Dkt. No. 219-5 at 280), CTRL0000083198 (Dkt. No. 219-5 at 50), and CTRL0000122044 (Dkt. No. 219-5 at 299).

- T-Mobile falsely claims that "20,000 documents had simply disappeared without any explanation or comments."[14]  VoIP-Pal advised T-Mobile during a meet and confer that the approximately 20,000 documents that VoIP-Pal did not log or produce concerned matters unrelated to VoIP-Pal or its patents.[15]

T-Mobile's complaints regarding VoIP-Pal's revised privilege log served on April 24, 2023, are equally disingenuous.[16]  Yet again, T-Mobile presents examples of alleged deficiencies for the first time in its Motion, thereby denying VoIP-Pal the opportunity to address these specific examples until now.[17]  Notwithstanding, many of these documents have already been produced, which belies T-Mobile's claim that VoIP-Pal has continued to improperly withhold documents.  If anything, T-Mobile's examples show that VoIP-Pal has made a concerted effort to comply with the Court's Order.

- Although CTRL0000113969 (Dkt. No. 219-6 at 15) is on VoIP-Pal's privilege log, VoIP-Pal has provided T-Mobile VoIP-Pal's internal categorization of this email, which indicates that it is not related to litigation.  CTRL0000058043 (Dkt. No. 219-6 at 26) has already been produced.

- CTRL0000023010 (Dkt. No. 219-6 at 321) and CTRL0000037043 (Dkt. No. 219-

---

[14] *Id.* at 7.
[15] Dkt. No. 219-16 at 3.
[16] Dkt. No. 219 at 7-9.
[17] *Id.* at 8-9.

6 at 194) have already been produced.

- CTRL0000078175, CTRL0000078853, CTRL0000077727, CTRL0000077718, CTRL0000079124, CTRL0000079129, and CTRL0000062984 (Dkt. No. 219-6 at 1) fall squarely within the exception in the Court's Order because they concern conception and reduction to practice (challenge 4).

- CTRL0000073919 (Dkt. No. 219-6 at 8) has already been produced.

- CTRL0000080570 (Dkt. No. 219-6 at 3) is the only document that T-Mobile identifies that VoIP-Pal agrees should be produced.

- CTRL0000121024 (Dkt. No. 219-6 at 204) and CTRL0000125269 (Dkt. No. 219-6 at 270) have already been produced.

- CTRL0000112965 (Dkt. No 219-6 at 134) falls squarely within the exception in the Court's Order because it concerns VoIP-Pal's presuit investigation (challenge 2).

T-Mobile also laments about only three names—one of which T-Mobile knows is an attorney because he (Nick Gikkas) has already entered an appearance in this case—amongst a list of hundreds of names whom it claims VoIP-Pal failed to identify as attorneys. These minor errors hardly show that VoIP-Pal has failed to comply with the Court's Order.

**D. The Court Has Already Determined That The Parties' Dispute Should Be Referred To A Special Master.**

T-Mobile's Motion merely rehashes the dispute that the Court has already heard and decided. Contrary to what T-Mobile states, the Court did not merely suggest that the parties

engage a special master.  Rather, the Court decided that if the parties wanted to continue their

dispute, then the Court would require the special master to resolve the issues:

> I have no way of dealing with this and I don't have the time to do it, so I'm going
> to give you all -- if you all want to continue this fight, which is fine, you can, you
> all will have by the end of the week to select someone to be a special master to
> come in, sign a confidentiality agreement and go through all these documents and
> the privilege log and give me a report as to what needs to be done … So let me
> know by the end of the week if you all have a special master you can agree to. And
> if not, then we'll get you someone very quickly and they'll take this issue on.[18]

T-Mobile, however, chose to forego the special master.[19]  Instead, T-Mobile proposed a procedure

for the parties to resolve the dispute.[20]  T-Mobile cannot now complain that the procedure that *it*

*proposed* allegedly caused it to incur "significant additional burden" or expend "great effort and

expense."[21]  Inexplicably, T-Mobile also complains about receiving additional documents that it

contended should be removed from VoIP-Pal's privilege log.[22]  VoIP-Pal should not be faulted for

following the procedure that T-Mobile proposed.

T-Mobile falsely claims that VoIP-Pal did not correct the alleged problems with VoIP-

Pal's log entries.[23]  T-Mobile only provided VoIP-Pal with color-coded spreadsheets.  These

spreadsheets merely identified the documents that T-Mobile believed to be improperly withheld.

T-Mobile never advised VoIP-Pal why VoIP-Pal's privilege log descriptions were deficient and

how they needed to be changed.  Notwithstanding, to provide T-Mobile additional information to

understand and assess VoIP-Pal's claim of privilege, VoIP-Pal added a column to T-Mobile's color-

---

[18] Dkt. No. 217 at 23:11-24:8.
[19] Dkt. No. 219-19 at 2-3.
[20] *Id.*
[21] Dkt. No. 219 at 9.
[22] *Id.* at 10.
[23] *Id.*

coded spreadsheets indicating the protectable category that VoIP-Pal believed covered each of the identified documents.[24]

T-Mobile's challenges to the protectable categories expressly created by the Court's Order stem from its fundamental misunderstanding of the Court's Order and defy logic.  The Court did not conclude that *Mr. Gileff did not* trigger a subject matter waiver over the topics covered by challenges 2 and 4 but that *Mr. Malak did*.[25]  The Court also did not agree that VoIP-Pal waived *all* privilege for subject matters covered by challenges 2 and 4.[26]  The Court *expressly denied* T-Mobile's requested relief with respect to challenges 2 and 4 and *expressly excepted* the topics covered by challenges 2 and 4 from the scope of the waiver.[27]  If the Court were to accept T-Mobile's twisted logic, which it should not, then the Court would have had no reason to deny T-Mobile's requested relief as to challenges 2 and 4 and to except these challenges from the scope of the waiver.  Indeed, T-Mobile's logic would gut the Court's Order of any exception and subvert the Court's express intent.  Properly understood, the scope of the waiver ordered by the Court is limited by the express exceptions created by challenges 2 and 4 of the Court's Order and VoIP-Pal is justified in withholding documents that fall within these protectable categories.

Although not expressly covered by the Court's Order, VoIP-Pal also is justified in withholding three additional categories of documents: (1) documents not related to the subject matter of the litigation, (2) documents related to attorney fee arrangements, and (3) expert work product specific to the Mobile Gateway litigation.

---

[24] Dkt. No. 219-17 at 10.
[25] *Contra* Dkt. No. 219 at 11.
[26] *Id.*
[27] Dkt. No. 95 at 6.

Regarding the first category, VoIP-Pal has no obligation to produce information that is irrelevant.[28]  Indeed, the Court's Order implicitly excludes such information because the subject matter that the Court determined to be waived relates only to VoIP-Pal's patent and VoIP-Pal's litigations.  T-Mobile makes no meaningful attempt to explain how irrelevant subject matter is covered by the Court's Order.  The example that T-Mobile provides (CTRL0000041135 (Dkt. No. 219-9 at 15)) is immaterial because VoIP-Pal has already produced this document.  T-Mobile merely speculates that some unknown quantity of the irrelevant documents that VoIP-Pal is withholding relates to the litigation because, as T-Mobile claims, "VoIP-Pal's only business is patent litigation."[29]  Even if T-Mobile's claim is true, *Mr. Malak's* business interests are not only patent litigation.  Thus, given T-Mobile's overly broad search terms, it is unsurprising that a large percentage of the 60,000 emails collected from Mr. Malak's personal email account have nothing to do with this case.

Regarding the second category, VoIP-Pal is justified in withholding attorney fee arrangements because T-Mobile did not seek such relief from the Court.  T-Mobile did not address fee arrangements in the discovery dispute statement that led to the Court's Order, T-Mobile did not include any exhibits regarding fee arrangements with the discovery dispute statement, and T-Mobile did not raise the issue at the hearing.  Moreover, VoIP-Pal maintains that T-Mobile affirmatively represented that it was not seeking fee arrangements as part of its waiver challenge.[30]

Regarding category three, VoIP-Pal is justified in withholding communications with its experts concerning their expert reports because these communications are protected by work

---

[28] *See* Fed. R. Civ. P. 26(b)(1).
[29] Dkt. No. 219 at 12 n.7.
[30] Ex. 1.  All exhibits refer to exhibits to the Declaration of Lewis E. Hudnell, III ("Hudnell Decl.").

product immunity.[31]    Contrary to what T-Mobile claims, VoIP-Pal's withholding of communications with its experts can be reconciled with the Court's waiver findings—those findings concerned attorney-client communications, not expert work product.  Waiver of attorney-client privilege does not necessarily mean that work product immunity over the same documents has also been waived.[32]   Nothing is confusing about VoIP-Pal's position.[33]   The Court did not determine that VoIP-Pal waived work product immunity over communications related to its expert reports.  VoIP-Pal did not have any communications with its experts regarding their expert reports until after they were retained.  Thus, any communications VoIP-Pal had with its experts related to their expert reports after that time are protected.

### III.    LEGAL STANDARD

Regional circuit law applies to the imposition of discovery sanctions.[34]   Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders.  Rule 37(b)(2) requires that any sanction be just and that the sanction be related to the particular claim that was at issue in the order to provide discovery.[35]   Further, the penalized party's discovery violation *must be willful*.[36]

A district court also has the inherent authority to impose sanctions "to control the litigation before it."[37]   "Because of their very potency, inherent powers must be exercised with restraint and discretion."[38]   Indeed, the Fifth Circuit has cautioned that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances."[39]

---

[31] *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).

[32] *See SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006).

[33] Dkt. No. 219 at 13.

[34] *See ClearValue, Inc. v. Pearly River Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009).

[35] *See Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004).

[36] *See United States v. $ 49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

[37] *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir.1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

[38] *See Chambers*, 501 U.S. at 44.

[39] *See E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993).

## IV.     ARGUMENT

### A.  VoIP-Pal Has Not Disregarded The Court's Order And T-Mobile Has Suffered No Prejudice.

T-Mobile's claim that VoIP-Pal is withholding documents in the categories covered by the Court's Order and that VoIP-Pal is maintaining a log that violates basic requirements is false. VoIP-Pal is withholding privileged documents *excepted* from the categories covered by the Court's Order.  The Court has not determined that VoIP-Pal is improperly withholding any of these documents.  Rather, T-Mobile opted out of the process that the Court ordered for assessing VoIP-Pal's privilege claims.[40]  Thus, T-Mobile has no basis to assert that VoIP-Pal is hiding any evidence and its claim that this allegedly hidden evidence would show inequitable conduct or litigation misconduct is completely unfounded.

T-Mobile has not suffered any prejudice due to VoIP-Pal's privilege claims because T-Mobile is not entitled to the excepted privilege documents that VoIP-Pal is withholding.  T-Mobile also has not spent "hundreds of hours" to obtain VoIP-Pal's compliance with the Court's Order. Rather, T-Mobile has willfully squandered its resources harassing VoIP-Pal regarding legitimate privilege claims.  T-Mobile's claim that VoIP-Pal has hampered T-Mobile's ability to thoroughly investigate T-Mobile's inequitable conduct defense is specious because not only does T-Mobile's defense lack merit (*see* Dkt. No. 101), but the vast majority of the documents that T-Mobile claims that VoIP-Pal is improperly withholding fall into categories that have nothing to do with inequitable conduct.

Just as it did when it first raised VoIP-Pal's alleged noncompliance with the Court, T-Mobile identifies a random smattering of documents that it claims VoIP-Pal is improperly withholding.  These documents represent less than 0.4% of documents on VoIP-Pal's privilege log.  Yet again, T-Mobile hopes that the Court will consider only these handful of documents and then grant T-Mobile its requested relief.  The parties' dispute, however, cannot be resolved by merely reviewing the handful of documents that T-Mobile lists in its Motion.  Indeed, the Court

---

[40] Ex. 2 at 1.

has already determined that it does not have the resources to resolve the parties' dispute. That is precisely why the Court ordered the parties to engage a special master, which T-Mobile chose to forego.[41]  The Court should not let T-Mobile rehash the same issue that T-Mobile raised five months ago and shortcut the process that the Court ordered for T-Mobile's own expediency given the magnitude of the sanction that T-Mobile now seeks.

Even if the Court were to consider only the handful of documents that T-Mobile addresses in its Motion, which it should not do, the examples that T-Mobile provides do not show that VoIP-Pal is maintaining improper privilege claims.

### *Mr. Malak's Role In Conception, Prior Art Analysis, And Disclosure Obligations*

Contrary to what T-Mobile claims, the Court did not hold that VoIP-Pal waived privilege into "Mr. Malak's role in the conception of the alleged invention, inventor, claim-drafting, [and] prior art analysis …."[42]  The Court expressly excepted from this waiver documents related to "pre-suit investigation, prior-art searching, and prosecution" (challenge 2) and documents related to "conception/reduction [to practice]" (challenge 4).[43]  T-Mobile's claim that these exceptions do not apply to Mr. Malak's role in conception and prosecution is incorrect—the exceptions apply to the entire order.[44]  These exceptions do not reverse Mr. Malak's waiver as T-Mobile claims.[45] These exceptions mean that there was no waiver in the first place.  Under T-Mobile's logic, the waiver would swallow the exception, which makes no sense.  If it did, which it does not, then the Court would have had no reason to order the exceptions.

Under the proper reading of the Court's Order, none of the examples that T-Mobile presents show that VoIP-Pal is improperly withholding documents.  As described, CTRL0000014141 (Dkt. No. 219-12 at 1), which is an email between Mr. Malak and Konstantin Kropivny, falls squarely within the conception and reduction to practice exception in the Court's Order (challenge 4).  In

---

[41] Dkt. No. 217 at 23:11-24:8.; Ex. 2 at 1.
[42] Dkt. No. 219 at 17.
[43] Dkt. No. 95 at 2, 6.
[44] Dkt. No. 219 at 17.
[45] *Id.*

actuality, the description of the entry is inaccurate as the email relates to VoIP-Pal's presuit investigation, which also is protected by an exception (challenge 2).   VoIP-Pal engaged Mr. Kropivny to assist with VoIP-Pal's prosecution and litigation efforts.[46]  Although Mr. Kropivny is not an attorney, he is effectively part of VoIP-Pal and the entry concerns the advice of an attorney, David Gileff, to VoIP-Pal.[47]

CTRL0000014564 (Dkt. No. 219-12 at 2) falls squarely within the exception in the Court's Order because it concerns conception and reduction to practice (challenge 4).

CTRL0000086548 (Dkt. No. 219-12 at 11), which is an email between Mr. Malak and Raimond Salenieks, also falls within the conception and reduction to practice exception (challenge 4) in the Court's Order.  Although Raimond Salenieks is not an attorney, he is a registered U.S. patent agent.[48]  Therefore, his communications with Mr. Malak regarding the prosecution of VoIP-Pal's patents are privileged.[49]  Regardless, VoIP-Pal has already produced portions of this email thread and agrees to produce this additional version.

CTRL0000080612 (Dkt. No. 219-12 at 21), which is an email between Mr. Malak and Mr. Kropivny, falls squarely within the prior art analysis exception (challenge 2) in the Court's Order. Although Mr. Kropivny is not an attorney, he is effectively part of VoIP-Pal, as noted above, and the entry concerns the advice of multiple attorneys to VoIP-Pal.[50]

### *Litigation Strategy And Infringement Contentions*

CTRL0000116348 (Dkt. No. 219-12 at 53), which is an email chain whose top thread is from Mr. Malak to Colin Tucker and Ed Candy—two VoIP-Pal board members, and CTRL0000123337 (Dkt. No. 219-12 at 146), fall squarely within the presuit investigation exception (challenge 2) in the Court's Order.  T-Mobile's suggestion that these emails are not excepted because they do not involve an attorney's work product is incorrect.  CTRL0000116348

---

[46] Ex. 3.
[47] Dkt. No. 219-12 at 1.
[48] Ex. 4.
[49] *In re Queen's Univ.*, 820 F.3d 1287, 1295 (Fed. Cir. 2016).
[50] Dkt. No. 219-12 at 21.

concerns work product created at the direction of VoIP-Pal's attorney Ryan Thomas, who is named on a lower email thread, and CTRL0000123337 concerns the work product of Sean Parmenter, who represents VoIP-Pal in this case.[51]  T-Mobile's claim that VoIP-Pal is improperly withholding CTRL0000133340, CTRL0000133341, CTRL0000133346, CTRL0000133348, and CTRL0000133374 (Dkt. No. 219-12 at 37) also is incorrect.  VoIP-Pal has already produced the contents of this email thread but agrees to produce these additional versions.

### Damages/License/Valuation

CTRL0000021385, CTRL0000127711, CTRL0000021391, and CTRL0000126492 (Dkt. No. 219-12 at 29) all concern protectable expert work product specific to this case.  T-Mobile's belief that the Court's Order extends to communications with VoIP-Pal's experts is mistaken.  Not only does the Court's Order say nothing about expert work product, Fed. R. Civ. P. 26(b)(4)(B)-(C) protects these communications.[52]  The work product doctrine is an independent source of immunity from discovery, separate and distinct from the attorney-client privilege.[53]  Waiver of attorney-client privilege does not necessarily mean that work product immunity over the same documents has also been waived.[54]  T-Mobile's reliance on *GFI, Inc. v. Franklin Corp.* is misplaced because that case concerned only waiver of the attorney-client privilege, not waiver of work product immunity.  The Court should not allow T-Mobile to gut the Federal Rules via the Court's limited waiver order.

### Detail Sufficient To Assess Privilege Claim

T-Mobile's claim that VoIP-Pal has failed to provide a privilege log with sufficient detail to assess VoIP-Pal's privilege claims lacks merit.  VoIP-Pal has provided T-Mobile with both the

---

[51] Dkt. No. 219-12 at 53; Dkt. No. 219-12 at 146; *see United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("It is therefore necessary that the [work product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.").

[52] *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).

[53] *See Lenz v. Universal Music Corp.*, No. C07-03783 JF (HRL), 2012 U.S. Dist. LEXIS 28082, at *12 (N.D. Cal. Mar. 1, 2012) (citing *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929 (N.D. Cal. 1976)).

[54] *Id.*; *Brady*, 238 F.R.D. at 441.

subject line of every email on VoIP-Pal's privilege log and a description of the subject matter of the email.  In addition, though not required to, VoIP-Pal provided T-Mobile VoIP-Pal's own internal categorization of each email, which also describes the basis of VoIP-Pal's privilege claim. With all of this information, it is simply not credible for T-Mobile to assert that it cannot assess VoIP-Pal's claim of privilege.  T-Mobile quibbles that VoIP-Pal's "Updated List of Names" inaccurately identifies attorneys.  Not only does T-Mobile fail to explain how the few inaccuracies it identifies would change the claim of privilege, but the people whom T-Mobile claims are inaccurately identified are either attorneys or work at the direction of attorneys.  Thus, these alleged inaccuracies are immaterial.

**B.  The Court Should Reject T-Mobile's Requested Sanctions.**

An adverse inference on the intent prong of T-Mobile's proposed inequitable conduct defense is unwarranted and should be rejected.  Not only is T-Mobile's defense not part of the case (its motion for leave to add this defense is still pending), but VoIP-Pal has not violated the Court's Order or disregarded any of VoIP-Pal's discovery obligations as T-Mobile suggests.  VoIP-Pal is withholding privileged documents that it believes are excepted from the Court's Order.  Just because T-Mobile disputes VoIP-Pal's privilege claims does not mean that VoIP-Pal has violated the Court's Order.  Neither a special master nor the Court has determined that these privilege claims are improper.  Thus, T-Mobile has not and cannot make any showing that VoIP-Pal's alleged lack of compliance with the Court's Order is willful.

Contrary to what T-Mobile claims, the adverse inference of intent bears little relationship to VoIP-Pal's alleged violation of the Court's Order.  T-Mobile argues that VoIP-Pal is improperly withholding documents relating to litigation strategy, infringement contentions, damages, licensing, and valuation.[55]  These categories of documents have nothing to do with the intent prong of T-Mobile's proposed inequitable conduct defense.  T-Mobile also argues that VoIP-Pal is improperly withholding documents relating to conception, reduction to practice, prior art analysis,

---

[55] Dkt. No. 219 at 17-18.

and disclosure obligations.[56]  But VoIP-Pal is not withholding any such documents.  VoIP-Pal is withholding documents that the Court has *excepted* from these categories.  The fundamental flaw in T-Mobile's argument is that it refuses to acknowledge the express exemption to the scope of the waiver that the Court ordered.  T-Mobile thinks that the waiver swallows the exception, which makes no sense.  If it did, which it does not, then the Court would have had no reason to order an exception in the first place.  The fact that some of the withheld documents relate to conception, reduction to practice, and prior art analysis is irrelevant because VoIP-Pal is under no obligation to produce them.

An adverse inference of intent also is not just and fair because VoIP-Pal has a legitimate basis for withholding the disputed documents—the waiver exemption in the Court's Order.  T-Mobile had the opportunity to have legitimacy of VoIP-Pal's privilege claims decided by a special master and chose to forego it.  It would be manifestly unjust and unfair for the Court to allow T-Mobile to circumvent the special master procedure ordered by the Court and to be granted an adverse inference of intent simply based on its disagreement with VoIP-Pal's privilege claims.  Moreover, VoIP-Pal offered to produce all of the conception, reduction to practice, and prior art analysis documents remaining on its privilege log, which would have resolved this disagreement.[57]  T-Mobile, however, rejected VoIP-Pal's offer.[58]  An adverse inference of intent also would be unjust and unfair because many of the withheld documents have nothing to do with inequitable conduct.

T-Mobile's request for fees and a jury instruction regarding VoIP-Pal's alleged discovery violations also should be rejected.  Before filing its Motion, T-Mobile failed to give VoIP-Pal any warning that it would be seeking these sanctions.  In fact, during the meet and confer that preceded the Motion, VoIP-Pal specifically inquired whether T-Mobile was seeking any other relief besides

---

[56] *Id.* at 16-17.
[57] Ex. 5 at 2.
[58] *Id.* at 1.

an adverse inference and fees for bringing the Motion.[59]  T-Mobile indicated that it was not.[60]

VoIP-Pal first learned that T-Mobile was seeking this additional relief in the Motion.[61]  When

VoIP-Pal subsequently advised T-Mobile of this issue, T-Mobile admitted that it had not been

completely forthcoming and scoffed at the notion that it was obligated to disclose the full scope of

the relief that it now seeks during the meet and confer.[62]  Worse, T-Mobile tried to downplay its

lack of forthrightness, calling it a "sideshow."[63]  The Court should not allow T-Mobile to sandbag

VoIP-Pal with underhanded tactics, particularly in light of the magnitude of the sanctions that T-

Mobile seeks and T-Mobile's flippant attitude.  T-Mobile plainly violated its duty to meet and

confer in good faith.[64]  It also failed to give VoIP-Pal fair warning of these additional sanctions,

which T-Mobile's own authority shows is a basis for denying T-Mobile's Motion.[65]

T-Mobile's authority also does not support imposing sanctions on VoIP-Pal.  In *Cypress
Lake Software v. Samsung Electronics America, Inc.*, the court reviewed 150 privilege log entries,

identified specific documents that were not protected, and ordered that they be produced by a date

certain.[66]  The court also expressly warned that failure to comply with the order may result in

sanctions.[67]  Ultimately, the withholding parties failed to comply.[68]  In this case, the Court

conducted no such review and issued no such warning.  Indeed, the privilege review that the

*Cypress* court conducted is the same type of review that the Court ordered to be conducted by a

special master, which T-Mobile chose to forego.  Consequently, *Cypress* is distinguishable because

VoIP-Pal has not been ordered to produce or failed to produce specific documents that have been

---

[59] Hudnell Decl. at ¶10.
[60] *Id.*
[61] *Id.*
[62] Ex. 5 at 9.
[63] *Id.* at 7.
[64] Rule CV-7 (G).
[65] *See Arigna Tech. Ltd. v. Samsung Elecs. Co.*, No. 6:21-CV-00943-ADA, 2022 U.S. Dist. LEXIS 128453, at *7-8 (W.D. Tex. July 20, 2022); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("The imposition of a sanction without a prior warning is to be avoided.").
[66] Dkt. No. 219-23 at 2.
[67] *Id.*
[68] *Id.* at 7-9.

determined to be nonprivileged.  Thus, *Cypress* does not support awarding sanctions against VoIP-Pal under the facts of this case.

Boyd v. Union Pac. R.R. Co. also is inapplicable.  In that case, the court found that the plaintiff was prejudiced by the fact that the defendant did not produce a training manual until over a year after the court ordered it to do so; which was after the discovery period had ended, after all witnesses had been deposed, and three weeks before jury selection; and therefore a jury instruction was appropriate.[69]  Unlike the defendant in *Boyd*, however, VoIP-Pal has a legitimate basis for withholding documents—the exemptions in the Court's Order.  The Court already determined that any dispute regarding VoIP-Pal's privilege claims should be decided by a special master.[70]  A jury instruction is therefore an inappropriate sanction because VoIP-Pal has complied with the Court's orders.

## V.     CONCLUSION

In conclusion, VoIP-Pal has used its best efforts to comply with the Court's Order and has justifiably withheld documents that are covered by the express exceptions to the Court's Order or that VoIP-Pal is not otherwise required to produce.  If the Court is not inclined to deny T-Mobile's Motion outright, then VoIP-Pal respectfully requests that the Court refer the matter to a special master to assess the propriety of VoIP-Pal's privilege claims, as the Court previously ruled.

---

[69] *See Boyd v. Union Pac. Corp.*, No. 2:09-CV-000254-TJW-CE, 2011 U.S. Dist. LEXIS 38632, at *7-8 (E.D. Tex. Apr. 4, 2011).
[70] Dkt. No. 217 at 23:11-24:8.

Dated:  October 18, 2023

Respectfully submitted,

*/s/Lewis E. Hudnell, III*

Lewis E. Hudnell, III
lewis@hudnelllaw.com
Nicolas S. Gikkas
nick@hudnelllaw.com
Stanley H. Thompson, Jr.
stan@hudnelllaw.com
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

Sean Franklin Parmenter
sean@parmenterip.com
Parmenter Intellectual Property Law, PLLC
8980 N Pine Hollow Drive
Cedar Hills, Utah 84062
T: 925.482.6515

William M. Parrish
bparrish@stradlinglaw.com
Stradling Yocca Carlson & Rauth
500 W. 2nd Street
Austin, Texas 78703
T: 512.788.5020

**ATTORNEYS FOR PLAINTIFF
VOIP-PAL.COM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing VOIP-PAL.COM INC.'S OPPOSITION TO T-MOBILE'S MOTION FOR SANCTIONS BASED ON VOIP-PAL'S [ALLEGED] VIOLATION OF THE COURT'S ORDER DATED FEBRUARY 23, 2023 via the Court's CM/ECF system under the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 18th day of October 2023.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III