UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP, VERIZON SERVICES CORP., and VERIZON BUSINESS NETWORK SERVICES, INC., <br><br> Defendants. | CIVIL NO. W-21-CV-00672-ADA |
| VOIP-PAL.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant. | CIVIL NO. W-21-CV-00674-ADA |

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

Before the Court is Plaintiff VoIP-Pal.com, Inc.'s ("VoIP-Pal") Motions for Reconsideration of Final Judgment of Non-Infringement filed in each of the above-captioned cases (the "Motions").[1] Having considered the parties' briefing, the relevant facts, and the applicable law, the Court **DENIES** the Motions for the reasons stated herein.

---

[1] VoIP-Pal filed identical Motions for Reconsideration, Defendants filed identical Joint Oppositions, and VoIP-Pal filed identical Replies in Case Nos. 6:21-cv-00672 (hereinafter, the *Verizon* case) and 6:21-cv-00674 (hereinafter, the *T-Mobile* case). For simplicity, all citations are to the filings in the *Verizon* case unless stated otherwise.

## I. BACKGROUND

VoIP-Pal.com accused Defendants of infringing U.S. Patent Nos. 8,630,234 and 10,880,721. ECF No. 1. The parties refer to these patents as the "Mobile Gateway patents." *See* ECF No. 208 at iv. The Mobile Gateway patents are generally directed to the avoidance of long distance and roaming charges when placing phone calls, which is accomplished using an access code to assist with placing the call. ECF No. 195 at 2 (citing EFC No. 128 at 2).

Defendants filed Joint Motions for Summary Judgment of Non-Infringement that focused on the "access code request message" ("ACRM") limitation of the asserted claims. ECF No. 101.[2] The ACRM limitation recites "an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone." ECF No. 1-2, '234 Patent at 38:5–11. After reviewing the parties' summary judgment briefing and hearing oral arguments during the final pretrial conference, it was clear to the Court that the relevant facts were largely undisputed. Rather, the parties disputed whether the ACRM limitation requires at least one message that contains both a location and callee identifier. *See* ECF No. 101 at 7–17; ECF No. 128 at 10–18; ECF No. 190 at 9:17–20 ("There are no factual disputes. The—both parties agree how the system works. We disagree on the claim scope, how the claim would be interpreted."), 21:24–22:2 ("[Y]ou heard counsel repeatedly say that the claim requires one message with two required pieces of information. And we think that that is not what the claim requires.").

The Court determined that the ACRM limitation requires at least one message that contains both a location and callee identifier. *See* ECF No. 195 at 11. Because VoIP-Pal had not shown the existence of such a message in the accused systems, the Court granted Defendants' Joint Motions

---

[2] Defendants' Joint Motion for Summary Judgment of Non-Infringement in the *T-Mobile* case is filed at ECF No. 136.

for Summary Judgment of Non-Infringement. *Id.* at 11; *see also* ECF No. 190 at 43:22–24. The Court also found that VoIP-Pal's doctrine of equivalents analysis to be legally insufficient to raise a genuine issue of material fact and granted summary judgment of noninfringement under this theory as well. ECF No. 195 at 14. As a result, VoIP-Pal was left without any remaining infringement theories. *Id.* The Court entered final judgment of noninfringement on August 15, 2024. ECF No. 196.

VoIP-Pal filed the present Motions on September 12, 2024, asking this Court to reconsider its orders granting the motions for summary judgment of non-infringement.[3] ECF No. 208 at 1.

## II.    LEGAL STANDARD

Rule 59(e)[4] "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

---

[3] The Court's filed identical Orders Granting Motion for Summary Judgment of Non-Infringement at ECF Nos. 195 and 272 in the *Verizon* and *T-Mobile* cases, respectively. VoIP-Pal does not ask this Court to reconsider its ruling as to its doctrine of equivalents analysis. *See* ECF No. 208; ECF No. 214.

[4] A motion to reconsider is treated as a motion to alter or amend judgment pursuant to Rule 59(e) or as a motion for relief from final judgment, order, or proceeding under Rule 60(b), depending on when the motion was filed. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Because VoIP-Pal's Motions were filed within twenty-eight days after the entry of the judgment, Rule 59(e) applies. *Id.*

### III.     ANALYSIS

VoIP-Pal contends that the instant Motions for Reconsideration should be granted because the Court's orders granting summary judgment of noninfringement are based on an interpretation of the ACRM limitation that is clearly erroneous. ECF No. 208 at 1. There are two premises to VoIP-Pal's Motions: (1) the Court erred by not addressing *ABS Global, Inc. v. Cytonome/ST, LLC*, 84 F.4th 1034 (Fed. Cir. 2023) and (2) the Court "overlooked available evidence of record that a *single* access code request message can include *multiple* transmissions or messages." *Id.* at 3–4 (emphasis in original).

VoIP-Pal raises the same arguments it made during the briefing and at the final pretrial conference. Indeed, VoIP-Pal's second point acknowledges that the Court had all the evidence before it when it considered the motions for summary judgment. VoIP-Pal does not offer new evidence—it simply disagrees with the conclusions the Court reached having considered the evidence.

As to the first point, VoIP-Pal's counsel discussed *ABS Global* at length during the pretrial conference. *See* ECF No. 190 at 25:2–27:16. Specifically, VoIP-Pal compared the claims at issue in *ABS Global*, which it argued is the controlling case, with those at issue in the cases Defendants asserted are controlling: *In re Varma*, 816 F.3d 1352 (Fed. Cir. 2016) and *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311 (Fed. Cir. 2023). *See e.g., id.* at 15:5–7 (counsel for Defendants arguing that "In re Varma shuts down the argument they're [VoIP-Pal] making and by itself should be a basis for summary judgment"), 25:3–6 (counsel for VoIP-Pal contending "that there's a different case that is controlling here from the Federal Circuit . . . ABS Global versus Cytonome"), *id.* at 27:14–15 (counsel for VoIP-Pal further arguing that "Varma is distinguishable from our situation").

4

Thus, when the Court held that *In re Varma* "controls the outcome here" and "readily disposes of the literal infringement question," the Court rejected VoIP-Pal's assertion that *ABS Global* controls. ECF No. 195 at 7, 9. While VoIP-Pal questions why this Court found *In re Varma* controlling, the Court provided its reasoning in its orders. *See* ECF No. 195 at 7–11. But to leave no doubt, *ABS Global* states the "familiar aspect[] of claim-construction" that in open-ended claims, use of "a" or "an" before a noun requires the phrase to be construed to mean "one or more" unless the context sufficiently indicates otherwise. *ABS Global*, 84 F.4th 1034, 1040 (citing *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342–43 (Fed. Cir. 2008)). However, whether the indefinite article "a" means one or more in open-ended claims is "a separate issue from whether the claims require the same component to perform multiple functions or satisfy multiple limitations of a claim." *Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963, 974 (Fed. Cir. 2023) (further noting that there is "no inconsistency between the holdings in *Salazar* and the principles outlined in *Baldwin*"). *In re Varma* confirms the same: "[T]he question is not whether there can be more than one request in a claim-covered system: there can. Rather, the question is whether "a" can serve to negate what is required by the language following "a" . . . . It cannot." *In re Varma*, 816, F.3d at 1362–63. The Court explained as much in its Order when it found *In re Varma* controlling. *See* ECF No. 185 at 8.

### III.   CONCLUSION

The Court finds that there has been no showing that the Court's Order granting summary judgment of noninfringement included any manifest errors of law or fact or that there has been presented any newly discovered evidence. For the reasons stated in its Order, the Court again

concludes that Defendants' Motion for Summary Judgement should be granted. Accordingly, it is hereby **ORDERED** that Plaintiff's Motions for Reconsideration[5] are **DENIED**.

**SIGNED** this 26th day of February, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's Motion for Reconsideration in the *Verizon* case, No. 6:21-cv-00672, is filed at ECF No. 208. Plaintiff's Motion for Reconsideration in the *T-Mobile* case, No. 6:21-cv-00674, is filed at ECF No. 278.